## **EXHIBIT B**

**Guaranty**

# GUARANTY OF PAYMENT

**THIS GUARANTY OF PAYMENT** (this "**Guaranty**") is made as of the 28th day of February, 2017, by WYTHE BERRY FEE OWNER LLC, a Delaware limited liability company, having an address at 199 Lee Avenue #693, Brooklyn, New York 11211 ("**Guarantor**"), in favor of MISHMERET TRUST COMPANY LTD., an Israeli company, having an address at Amot Bituach House Building B, 48 Menachem Begin Road, Tel-Aviv 6618001 ISRAEL ("**Trustee**").

## R E C I T A L S :

WHEREAS, All Year Holdings Limited, a British Virgin Islands company ("**Debtor**") published a Shelf Offering Report on February 20, 2017, pursuant to which Debtor has made a preliminary offering of Debentures (Series C) in an amount of $166,320,000.00 (the "**Debentures**");

WHEREAS, contemporaneously herewith, Trustee is acting as trustee for the holders of the Debentures under that certain Deed of Trust by and between Debtor and Trustee, as secured party, dated February 19, 2017 (as the same may have been or may be amended or supplemented from time to time, the "**Deed of Trust**");

WHEREAS, the payment and performance of all debts, obligations and liabilities of every kind and character of Debtor now or hereafter existing in favor of Trustee are secured by, among other things, that certain Security Agreement – Collateral Assignment and Pledge of Secured Notes (together with all extensions, renewals, modifications, substitutions and amendments thereof, the "**Security Agreement**") dated as of even date herewith, made by Debtor in favor of Trustee and granting Trustee a security interest in, and assigns, transfers, delivers, pledges, charges, sets over and confirms to Trustee, the Collateral (as defined therein);

WHEREAS, Guarantor acknowledges that it will receive significant benefit from Debtor obtaining the proceeds of the Debentures; and

WHEREAS, Trustee requires as a condition to it entering into the Deed of Trust that Guarantor shall have executed and delivered this Guaranty for the benefit of Trustee.

**NOW, THEREFORE**, in consideration of the premises and other good and valuable consideration, the receipt of which is hereby acknowledged, and in order to induce Trustee to act as trustee, Guarantor hereby represents, warrants and covenants to Trustee as follows:

1.    Authorization and Enforceability of Bond Documents.  The Deed of Trust, Security Agreement and all of the other documents executed and delivered by Debtor in connection with the issuance of the Debentures (the Deed of Trust, Security Agreement and such other documents being hereinafter referred to, collectively, as the "**Bond Documents**") have been duly authorized and executed by Debtor and are legal, valid and binding instruments, enforceable against Debtor in accordance with their respective terms, subject to the effect of bankruptcy, insolvency, reorganization, moratorium or other legal or equitable principles now or hereafter in effect generally affecting creditors' rights and remedies.

{40865127;6}

2. **Obligations Guaranteed**.  Guarantor unconditionally guarantees to Trustee (i) the prompt payment and performance of all debts, obligations and liabilities of every kind and character of Debtor, whether now or hereafter advanced, as the same shall become due and payable under the Bond Documents, whether at stated maturity, by acceleration or otherwise, and any and all sums of money that, at the time, may have become due and payable under the provisions of the Deed of Trust, the Security Agreement or any other Bond Document, and the due and prompt performance of all of the terms, agreements, covenants and conditions of the Deed of Trust, Security Agreement and the other Bond Documents; and (ii) payment in full of any and all expenses that may be paid or incurred by the Trustee in the collection of all or any portion of the Guarantor's obligations hereunder or the exercise or enforcement of any one or more of the other rights, powers, privileges, remedies and interests of the Trustee under the Bond Documents or hereunder including, without limitation, reasonable attorneys' fees, irrespective of the manner or success of any such collection, exercise or enforcement, and whether or not such expenses constitute part of the Debtor's obligations.

3. **Unconditional Guaranty**.  This Guaranty is an absolute, unconditional, present and continuing guaranty of payment and performance and not of collection and is in no way conditioned or contingent upon any attempt to enforce Trustee's rights against Debtor or to collect from Debtor or upon any other condition or contingency; accordingly, Trustee shall have the right to proceed against Guarantor immediately upon any Event of Default (as defined in the Security Agreement) under the Bond Documents, without taking any prior action or proceeding to enforce the Bond Documents or any of them or for the liquidation or foreclosure of any security Trustee may at any time hold pursuant thereto.  Guarantor hereby waives and releases any claim (within the meaning of 11 U.S.C. § 101) that Guarantor may have against Debtor arising from a payment made by Guarantor under this Guaranty and agrees not to assert or take advantage of any subrogation rights of Guarantor or any right of Guarantor to proceed against Debtor for reimbursement.  It is expressly understood that the waivers and agreements of Guarantor constitute additional and cumulative benefits given to Trustee for its security and as an inducement for its extension of credit on behalf of the Debenture holders to Debtor.  Trustee may at any time and from time to time take any and/or all actions and enforce all rights and remedies available to it hereunder or under applicable law to collect from Guarantor any amounts then due and payable hereunder by Guarantor and/or to cause Guarantor to fulfill his, her or its obligations hereunder.  Trustee may at any time and from time to time take any and/or all actions and enforce all rights and remedies available to it hereunder or under applicable law to collect from Guarantor any amounts then due and payable hereunder by Guarantor and/or to cause Guarantor to fulfill his, her or its obligations hereunder.

4. **Liability Unimpaired**.  Guarantor's liability hereunder shall in no way be limited or impaired by, and Guarantor hereby consents to and agrees to be bound by, any amendment or modification of the provisions of any of the Bond Documents or any other instrument made to or with Trustee by Debtor or Guarantor, or any Person (as hereafter defined) who succeeds Guarantor as owner of all or part of the Property prior to foreclosure of that certain Agreement of Modification of Mortgage, Security Agreement, Assignment of Rents and Fixture Filing by and between Guarantor, as borrower, and Debtor, as lender, dated as of the date hereof (the "**A&R Mortgage**")  or exercise of any power of sale contained therein.  In addition, Guarantor's liability hereunder shall in no way be limited or impaired by (i) any extensions of time for performance required by any of said documents, (ii) any sale, assignment or foreclosure

{40865127;6}

2

of the A&R Mortgage or any sale or transfer of all or part of the Property, (iii) any exculpatory provision in any of said instruments limiting Trustee's recourse to the Property or to any other security, or limiting Trustee's rights to a deficiency judgment against Debtor, (iv) the release of Debtor or any other person from performance or observance of any of the agreements, covenants, terms or conditions contained in any of said instruments by operation of law or otherwise, (v) the release or substitution in whole or in part of any security for the Debentures, (vi) Trustee's failure to record the Security Agreement, that certain Collateral Assignment of Agreement of Modification of Mortgage, Security Agreement, Assignment of Rents and Fixture Filing, that certain Collateral Assignment of Assignment of Leases and Rents, or file any UCC financing statements (or Trustee's improper recording or filing of same) or to otherwise perfect, protect, secure or insure any security interest or lien given as security for the Debentures, (vii) the invalidity, irregularity or unenforceability, in whole or in part, of any of the Bond Documents, this Guaranty or any other instrument or agreement executed or delivered to Trustee in connection with the Debentures, except to the extent that there is a final adjudication by a court of competent jurisdiction of a valid defense to Debtor's obligations under the Bond Documents to payment of the Debentures, (viii) the inaccuracy of any of the representations and warranties made by Debtor in the Deed of Trust or the other Bond Documents, or (ix) any other action or circumstance whatsoever that constitutes, or might be construed to constitute, a legal or equitable discharge or defense (except full payment and satisfaction) of Debtor for its obligations under any of the Bond Documents or of Guarantor under this Guaranty; and, in any such case, whether with or without notice to Guarantor and with or without consideration.  As used herein, "**Person**" shall mean any individual, corporation, partnership, limited liability company, joint venture, estate, trust, unincorporated association, any other entity, any federal, state, county or municipal government or any bureau, department or agency thereof, and any fiduciary acting in such capacity on behalf of any of the foregoing.

       5.       <u>Preservation of Bond Documents</u>.  Guarantor will cause Debtor to maintain and preserve the enforceability of the Bond Documents as the same may be modified and will not permit Debtor to take or to fail to take actions of any kind which might be the basis for a claim that Guarantor has a defense to Guarantor's obligations hereunder.

       6.       <u>Security; Guarantor's Events of Default</u>.  As security for any and all of the obligations of the Guarantor under this Guaranty, now existing or hereafter arising hereunder or otherwise (collectively, the "**Liabilities**"), the Guarantor hereby grants to the Trustee a lien upon and a security interest in any and all moneys or other property (i.e., goods and merchandise, as well as any and all documents relative thereto; funds, securities, choses in action and any and all other forms of property whether real, personal or mixed, and any right, title or interest of the Guarantor therein or thereto), and the proceeds thereof, which have been, or may hereafter be, deposited or delivered to the Trustee or any affiliate of Trustee (or with any third party acting on Trustee's behalf) by or for the account or credit of the Guarantor whether for safekeeping, custody, pledge, deposit, transmission, collection or otherwise.  All remittances and property shall be deemed delivered to the Trustee as soon as put in transit to the Trustee by mail or carrier.

       Upon the occurrence of any of the following events (each a "**Guarantor's Event of Default**"):  (a) the Guarantor defaults under this Guaranty or Guarantor or Debtor defaults under any Bond Document or any other agreement with Trustee to which the Guarantor is a party or which directly or indirectly absolutely or collaterally secures the Deed of Trust ; (b) any

{40865127;6}

3

representation or warranty made by the Guarantor herein or in any other Bond Document to which the Guarantor is a party is false or untrue as of the date such representation or warranty is made; (c) the Guarantor or Debtor commences any case, proceeding, or other action under any law of any jurisdiction relating to bankruptcy, insolvency, reorganization, or relief of debtors or seeks to have an order for relief entered with respect to the Guarantor or seeks to be adjudicated a bankrupt or insolvent, or seeks reorganization, arrangement, adjustment, liquidation, dissolution, composition or other relief with respect to the Guarantor or the Guarantor's debts, or seeks the appointment of a receiver, trustee, custodian, or other similar official for the Guarantor or for all or any substantial part of the Guarantor's property; (d) the Guarantor or Debtor makes a general assignment for the benefit of creditors; (e) there is commenced against the Guarantor or Debtor any case, proceeding or other action of the type referred to in clause (c) above or seeking the issuance of a warrant of attachment, execution, distraint, or similar process against all or any substantial part of the Guarantor's property, which case, proceeding or other action results in an entry of an order for relief or is not dismissed, discharged or bonded within sixty (60) days of the commencement thereof; (f) the Guarantor takes any action indicating the Guarantor's consent to, approval of, or acquiescence in or in furtherance of, any of the acts set forth in clause (c) and (e) above; (g) the death or incapacity of a Guarantor, if an individual; (h) the Guarantor admits in writing the Guarantor's inability to pay the Guarantor's debts as they mature; (i) the Guarantor terminates or dissolves or suspends the Guarantor's usual business activities or conveys, sells, leases, transfers or otherwise disposes of all or a substantial part of the Guarantor's property, business or assets other than in the ordinary course of business or as otherwise permitted in the Loan Documents; or (j) the existence or occurrence at any time of one or more conditions or events that, in the sole opinion of the Trustee, has resulted or is reasonably likely to result in a material adverse change in the business, properties or financial condition of the Guarantor; then, any or all of the obligations of Guarantor shall, at the Trustee's option, become (for the purpose of this Guaranty) immediately due and payable by the Guarantor, without demand or notice. In addition, upon the occurrence of any Guarantor's Event of Default, the Trustee shall have all of the rights and remedies provided to a secured party by the Uniform Commercial Code as in effect in the State of New York at that time. The Guarantor agrees that, in the event that notice is necessary, written notice mailed to the Guarantor at the address given below five (5) days prior to the date of public sale of the property subject to the lien and security interest created herein or prior to the date after which private sale or any other disposition of said property will be made shall constitute reasonable notice, but notice given in any other reasonable manner or at any other reasonable time shall be sufficient.

7. **Indemnification; Payments; Certain Waivers**. Guarantor (i) waives any right or claim of right to cause a marshalling of Debtor's assets or to cause Trustee to proceed against any of the security for the Debentures or for the obligations guaranteed hereby before proceeding against Guarantor, (ii) agrees that any payments required to be made by Guarantor hereunder shall become due on demand in accordance with the terms of Paragraph 2 hereof and without presentment to Debtor, demand for payment or protest, or notice of non-payment or protest, and (iii) except as hereinafter provided, expressly waives and relinquishes all rights and remedies accorded by applicable law to guarantors. Without limiting the generality of the foregoing, Guarantor hereby waives all rights (x) to participate in any claim or remedy Trustee may now or hereafter have against Debtor or in any collateral that Trustee has or hereafter may acquire for the obligations guaranteed hereby and (y) except as provided below, to contribution,

indemnification, set-off, exoneration or reimbursement, whether from Debtor, any Guarantor, or any other person now or hereafter primarily or secondarily liable for any of Debtor's obligations to Trustee, and whether arising by contract or operation of law or otherwise by reason of Guarantor's execution, delivery or performance of this Guaranty. Guarantor does not waive and hereby retains all rights of subrogation, contribution, indemnification, set-off or reimbursement against Debtor or any other Guarantor that Guarantor may have (the "**Undersigned's Rights**"); provided, however, that (i) this Guaranty shall neither be contingent upon the existence of the Undersigned's Rights nor subject to any claims or defenses whatsoever that may be asserted in connection with the enforcement or attempted enforcement of the Undersigned's Rights including, without limitation, any claim that the Undersigned's Rights were abrogated by any of Trustee' acts, and (ii) until the Debentures shall have been paid in full, Guarantor hereby postpones and subordinates (A) the exercise of any and all of the Undersigned's Rights to Trustee's rights against Guarantor under this Guaranty or against Debtor under any of the Bond Documents, and (B) any of the Undersigned's Rights to any collateral securing the Debentures.

8. Reinstatement. This Guaranty shall continue to be effective, or be reinstated automatically, as the case may be, if at any time payment, in whole or in part, of any of the obligations guaranteed hereby is rescinded or otherwise must be restored or returned by Trustee (whether as a preference, fraudulent conveyance or otherwise) upon or in connection with the insolvency, bankruptcy, dissolution, liquidation or reorganization of Debtor, Guarantor or any other person, or upon or as a result of the appointment of a receiver, intervenor or conservator of, or trustee or similar officer for, Debtor, Guarantor or any other person or for a substantial part of Debtor's, Guarantor's or any of such other person's property, as the case may be, or otherwise, all as though such payment had not been made. Guarantor further agrees that in the event any such payment is rescinded or must be restored or returned, all actual out of pocket costs and reasonable expenses (including, without limitation, reasonable legal fees and expenses) incurred by or on behalf of Trustee in defending or enforcing such continuance or reinstatement, as the case may be, shall constitute costs of enforcement, the payment of which is guaranteed by Guarantor pursuant to Paragraph 2 above and covered by Guarantor's indemnity pursuant to Paragraph 7 above.

9. Litigation; Compliance with Judgments. Guarantor represents and warrants with respect to itself that there are no actions, suits or proceedings pending or threatened against or affecting it, at law, in equity or before or by any governmental authorities that would have a material effect on Guarantor's ability to perform its obligations hereunder; to the best of Guarantor's knowledge, Guarantor is not in default with respect to any order, writ, injunction, decree or demand of any court or governmental authorities.

10. Authorization and Enforceability; No Conflicts. Guarantor has the full power and authority to enter into and perform its obligations under this Guaranty and this Guaranty is a legal, valid and binding instrument, enforceable against Guarantor in accordance with its terms. The execution, delivery and performance of this Guaranty has been authorized by all proper and necessary actions of the Guarantor. Guarantor represents and warrants with respect to itself that the consummation of the transactions contemplated hereby and the performance of this Guaranty and the other Bond Documents to which Guarantor is a party have not resulted and will not result in any breach of, or constitute a default under, any mortgage, deed of trust, lease, bank loan or credit agreement, corporate charter, by-laws, partnership agreement

{40865127;6}

5

or other instrument to which Guarantor is a party or by which Guarantor may be bound or affected.

11. **Compliance with Laws**.  Guarantor represents and warrants with respect to itself that Guarantor is in compliance with, and the transactions contemplated by the Bond Documents and this Guaranty do not and will not violate any provision of, or require any filing, registration, consent or approval under, any federal, state or local law, rule, regulation, ordinance, order, writ, judgment, injunction, decree, determination or award (hereinafter, "**Laws**") presently in effect having applicability to Guarantor, and agrees that Guarantor will comply promptly with all laws now or hereafter in effect having applicability to Guarantor.

12. **Accuracy of Information; Full Disclosure**.  Guarantor represents and warrants with respect to itself that neither this Guaranty nor any documents, financial statements, reports, notices, schedules, certificates, statements or other writings furnished by or on behalf of Guarantor to Trustee in connection with the negotiation of the Bond Documents or the consummation of the transactions contemplated thereby, or required herein or by the other Bond Documents to be furnished by or on behalf of Guarantor, contains any untrue or misleading statement of a material fact; there is no fact that Guarantor has not disclosed to Trustee in writing that materially affects adversely any of the property covered by the A&R Mortgage or the business affairs or financial condition of Guarantor, or the ability of Guarantor to perform this Guaranty and the other Bond Documents to which Guarantor is a party.

13. **Non-Waiver Remedies Cumulative**.  No failure or delay on Trustee's part in exercising any right, power or privilege under any of the Bond Documents, this Guaranty or any other document made to or with Trustee in connection with the Debentures shall operate as a waiver of any such privilege, power or right or shall be deemed to constitute Trustee's acquiescence in any default by Debtor or Guarantor under any of said documents.  A waiver by Trustee of any right or remedy under any of the Bond Documents, this Guaranty or any other document made to or with Trustee in connection with the Debentures on any one occasion shall not be construed as a bar to any right or remedy which Trustee otherwise would have on any future occasion.  The rights and remedies provided in said documents are cumulative, may be exercised singly or concurrently and are not exclusive of any rights or remedies provided by law.

14. **Transfers of Interests in Bond Documents**.  Guarantor acknowledges that Trustee, at Trustee's sole discretion, may, at no cost, expense or additional liability to Guarantor sell, assign or transfer interests in the Bond Documents and this Guaranty to one or more participants, purchasers and/or assignees (collectively, "**Participants**") and agrees in connection therewith, all Bond Documents and other documentation, financial statements, appraisals and other data, or copies thereof, relevant to Debtor, Guarantor or the Property may be provided to and retained by any such participant, purchaser or assignee or prospective participant, purchaser or assignee.  Guarantor agrees that Trustee shall have no obligation to give Guarantor written notice of any sale, assignment or transfer of any interest or participation in the Debentures or any part thereof.

15. **Separate Indemnity**.  Guarantor acknowledges and agrees that Trustee's rights (and Guarantor's obligations) under this Guaranty shall be in addition to all of Trustee's rights (and all of Guarantor's obligations) under any indemnity agreement executed and

{40865127;6}

6

delivered to Trustee by Debtor and/or Guarantor in connection with the Debentures, and payments by Guarantor under this Guaranty shall not reduce any of Guarantor's obligations and liabilities under any such indemnity agreement.

16. <u>Severability</u>.  Any provision of this Guaranty, or the application thereof to any person or circumstance, that, for any reason, in whole or in part, is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of this Guaranty (or the remaining portions of such provision) or the application thereof to any other person or circumstance, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision (or portion thereof) or the application thereof to any person or circumstance in any other jurisdiction.

17. <u>Entire Agreement; Amendments</u>.  This Guaranty contains the entire agreement of the parties with respect to the subject matter hereof and supersedes all prior oral or written agreements or statements relating to such subject matter, and none of the terms and provisions hereof may be waived, amended or terminated except by a written instrument signed by the Person against whom enforcement of the waiver, amendment or termination is sought.

18. <u>Successors and Assigns</u>.  This Guaranty shall be binding upon and shall inure to the benefit of Trustee and Guarantor and their respective heirs, personal representatives, successors and assigns.  This Guaranty may be assigned by Trustee with respect to all or any portion of the obligations guaranteed hereby, and when so assigned Guarantor shall be liable under this Guaranty to the assignee(s) of the portion(s) of the obligations guaranteed hereby so assigned without in any manner affecting the liability of Guarantor hereunder to Trustee with respect to any portion of the obligations guaranteed hereby retained by Trustee.

19. **<u>WAIVER OF TRIAL BY JURY</u>.  GUARANTOR, AND BY ITS ACCEPTANCE HEREOF, TRUSTEE, EACH HEREBY AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND WAIVE ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST WITH REGARD TO THE BOND DOCUMENTS, OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH.  THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY GUARANTOR AND TRUSTEE, AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE.  GUARANTOR AND TRUSTEE ARE EACH HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER.**

20. **<u>ADDITIONAL WAIVERS IN THE EVENT OF ENFORCEMENT</u>.  GUARANTOR HEREBY EXPRESSLY AND UNCONDITIONALLY WAIVES, IN CONNECTION WITH ANY SUIT, ACTION OR PROCEEDING BROUGHT BY OR ON BEHALF OF TRUSTEE ON THIS GUARANTY, ANY AND EVERY RIGHT GUARANTOR MAY HAVE TO (I) INJUNCTIVE RELIEF, (II) INTERPOSE ANY COUNTERCLAIM THEREIN (OTHER THAN COMPULSORY COUNTERCLAIMS),**

{40865127;6}

7

**AND (III) HAVE THE SAME CONSOLIDATED WITH ANY OTHER OR SEPARATE SUIT, ACTION OR PROCEEDING. NOTHING HEREIN CONTAINED SHALL PREVENT OR PROHIBIT GUARANTOR FROM INSTITUTING OR MAINTAINING A SEPARATE ACTION AGAINST TRUSTEE WITH RESPECT TO ANY ASSERTED CLAIM.**

21. <u>Governing Law</u>. This Guaranty and the rights and obligations of the parties hereunder shall in all respects be governed by, and construed and enforced in accordance with, the laws of the State of New York (without giving effect to New York's principles of conflicts of law). Guarantor hereby agrees and consents that, in addition to any methods of service of process provided for under applicable law, all service of process in any such suit, action or proceeding in any New York state or federal court sitting in the County of New York may be made by certified or registered mail, return receipt requested, directed to the Guarantor at the address indicated below, and service so made shall be complete five (5) days after the same shall have been so mailed.

22. <u>Paragraph Headings</u>. Any paragraph headings and captions in this Guaranty are for convenience only and shall not affect the interpretation or construction hereof.

23. <u>Liability Unaffected by Release</u>. Any other Person liable upon or in respect of any obligation hereby guaranteed, may be released without affecting the liability of Guarantor hereunder.

24. <u>Joint and Several Obligations</u>. If more than one Person comprises Guarantor, then each such Person's obligations and liability under this Guaranty shall be joint and several.

25. <u>Notices</u>. Any notice, demand, statement, request or consent made hereunder shall be in writing and delivered personally or sent to the party to whom the notice, demand or request is being made by Federal Express or other nationally recognized overnight delivery service, as follows and shall be deemed given when delivered personally or deposited with Federal Express or such other nationally recognized delivery service on the day of delivery or refusal:

If to Trustee:    To Trustee, at the address first written above

with a copy to:

Akerman LLP
666 Fifth Avenue
20th Floor
New York, New York 10103
Attention: Yariv Ben-Ari, Esq.

If to Guarantor:    To Guarantor, at the address first written.

with a copy to:

{40865127;6}

8

       Tratner and Associates PLLC
       80-02 Kew Gardens Road
       Suite 605
       Kew Gardens, New York 11415
       Attention: Dov Tratner, Esq.

    or such other address as either Guarantor or Trustee shall hereafter specify by not less than ten (10) days prior written notice as provided herein; _provided_, _however_, that notwithstanding any provision of this article to the contrary, such notice of change of address shall be deemed given only upon actual receipt thereof. Rejection or other refusal to accept or the inability to deliver because of changed addresses of which no notice was given as herein required shall be deemed to be receipt of the notice, demand, statement, request or consent.

    26.  _Principles of Construction_.  All references to sections, paragraphs, schedules and exhibits are to sections, schedules and exhibits in or to this Guaranty unless otherwise specified. Unless otherwise specified, the words "hereof," "herein" and "hereunder" and words of similar import when used in this Guaranty shall refer to this Guaranty as a whole and not to any particular provision of this Guaranty. The recitals to this Guaranty shall be deemed a part hereof and all exhibits and schedules attached hereto, if any, are incorporated herein by reference for all purposes. Unless otherwise specified, all meanings attributed to defined terms herein shall be equally applicable to both the singular and plural forms of the terms so defined and "including" means including without limitation. Whenever the context requires, each gender shall include all other genders.

    27.  _Venue; Service of Process_.

    (a)  ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST TRUSTEE OR GUARANTOR ARISING OUT OF OR RELATING TO THIS AGREEMENT MAY AT TRUSTEE'S OPTION BE INSTITUTED IN ANY FEDERAL OR STATE COURT LOCATED IN THE CITY OF NEW YORK, COUNTY OF KINGS, PURSUANT TO SECTION 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW, OR IN ANY COMPETENT COURT IN TEL AVIV-JAFFA, ISRAEL, AND GUARANTOR WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING, AND GUARANTOR HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING.

    (b)  GUARANTOR DOES HEREBY DESIGNATE AND APPOINT: VCORP SERVICES, LLC, HAVING AN ADDRESS AT 25 ROBERT PITT DRIVE, SUITE 204, MONSEY, NY 10952, AS ITS AUTHORIZED AGENT TO ACCEPT AND ACKNOWLEDGE ON ITS BEHALF SERVICE OF ANY AND ALL PROCESS WHICH MAY BE SERVED IN ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY FEDERAL OR STATE COURT IN NEW YORK STATE, AND AGREES THAT SERVICE OF PROCESS UPON SAID AUTHORIZED AGENT AT SAID ADDRESS AND WRITTEN NOTICE OF SAID SERVICE MAILED OR DELIVERED TO GUARANTOR IN THE MANNER PROVIDED HEREIN SHALL BE DEEMED IN EVERY RESPECT EFFECTIVE SERVICE OF PROCESS UPON GUARANTOR IN ANY SUCH SUIT, ACTION OR PROCEEDING IN THE STATE OF NEW

YORK. GUARANTOR (I) SHALL GIVE PROMPT NOTICE TO TRUSTEE OF ANY CHANGED ADDRESS OF ITS AUTHORIZED AGENT HEREUNDER, (II) MAY AT ANY TIME AND FROM TIME TO TIME DESIGNATE A SUBSTITUTE AUTHORIZED AGENT WITH AN OFFICE IN NEW YORK STATE (WHICH SUBSTITUTE AUTHORIZED AGENT AND OFFICE SHALL BE DESIGNATED AS THE PERSON AND ADDRESS FOR SERVICE OF PROCESS), AND (III) SHALL PROMPTLY DESIGNATE SUCH A SUBSTITUTE IF ITS AUTHORIZED AGENT CEASES TO HAVE AN OFFICE IN NEW YORK STATE OR IS DISSOLVED WITHOUT LEAVING A SUCCESSOR.

(c) GUARANTOR DOES HEREBY DESIGNATE AND APPOINT GABRIEL DARANOV, HAVING AN ADDRESS AT C/O U.S. REAL ESTATE REPRESENT LTD., 16 ABA HILLEL, RAMAT GAN 5250608, ISRAEL, AS ITS AUTHORIZED AGENT TO ACCEPT AND ACKNOWLEDGE ON ITS BEHALF SERVICE OF ANY AND ALL PROCESS WHICH MAY BE SERVED IN ANY SUIT, ACTION OR PROCEEDING AGAINST TRUSTEE OR GUARANTOR ARISING OUT OF OR RELATED TO THIS NOTE IN ANY COMPETENT COURT IN TEL AVIV-JAFFA, ISRAEL, AND AGREES THAT SERVICE OF PROCESS UPON SAID AUTHORIZED AGENT AT SAID ADDRESS AND WRITTEN NOTICE OF SAID SERVICE MAILED OR DELIVERED TO GUARANTOR IN THE MANNER PROVIDED HEREIN SHALL BE DEEMED IN EVERY RESPECT EFFECTIVE SERVICE OF PROCESS UPON GUARANTOR IN ANY SUCH SUIT, ACTION OR PROCEEDING IN ISRAEL. GUARANTOR AND EACH SUCH AGENT AGREE TO COMPLY WITH THE INSTRUCTIONS OF ANY RECEIVER OR OTHER COURT APPOINTED OFFICER, INCLUDING SIGNING ANY DOCUMENT REQUIRED TO BE BROUGHT BEFORE ANY SUCH COURT OR OTHER AUTHORITY. GUARANTOR (I) SHALL GIVE PROMPT NOTICE TO TRUSTEE OF ANY CHANGED ADDRESS OF ITS AUTHORIZED AGENT HEREUNDER, (II) MAY AT ANY TIME AND FROM TIME TO TIME DESIGNATE A SUBSTITUTE AUTHORIZED AGENT WITH AN OFFICE IN ISRAEL (WHICH SUBSTITUTE AUTHORIZED AGENT AND OFFICE SHALL BE DESIGNATED AS THE PERSON AND ADDRESS FOR SERVICE OF PROCESS), AND (III) SHALL PROMPTLY DESIGNATE SUCH A SUBSTITUTE IF ITS AUTHORIZED AGENT CEASES TO HAVE AN OFFICE IN ISRAEL OR IS DISSOLVED WITHOUT LEAVING A SUCCESSOR.

28. <u>Counterparts</u>. This Guaranty may be executed in any number of counterparts, each of which shall be an original and all of which shall constitute together but one and the same agreement.

[NO FURTHER TEXT ON THIS PAGE]

      **IN WITNESS WHEREOF**, Guarantor has caused this Guaranty to be duly executed and delivered by its duly authorized official as of the date first above stated.

          **WYTHE BERRY FEE OWNER LLC,**
          a Delaware limited liability company

By: _____
     Name: Yoel Goldman
     Title: Authorized Signatory

**ACKNOWLEDGEMENT**

STATE OF NEW YORK   )
                                )ss.:
COUNTY OF NEW YORK  )

On the 27th day of February in the year 2017 before me, the undersigned, personally appeared Yoel Goldman personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the persons upon behalf of which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

BARRY MENDLOWITZ
Notary Public, State of New York
No. 01ME4864688
Qualified in Kings County
Commission Expires 9/02/18

[Signature Page – Guaranty of Payment]