**EXHIBIT A (JX-4)**
**TO TRIAL DECLARATION OF ZELIG WEISS**

FILED: KINGS COUNTY CLERK 12/06/2021 10:15 AM
NYSCEF DOC. NO. 162
22-11340-mg    Doc 53    Filed 01/10/23    Entered 01/10/23 17:26:59    Main Document
Pg 2 of 16
INDEX NO. 514152/2021
RECEIVED NYSCEF: 12/06/2021

At an IAS Commercial Term Part 12 of the
Supreme Court of the State of New York, held
in and for the County of Kings, at the
Courthouse, located at 360 Adams Street,
Borough of Brooklyn, City and State of New
York, on the 1st day of December 2021.

PRESENT:
Honorable Reginald A. Boddie, JSC
-----------------------------------------------------------x
WYTHE BERRY FEE OWNER LLC,

                       Plaintiff,

-against-

WYTHE BERRY LLC, YOEL GOLDMAN and
ZELIG WEISS,

                       Defendants.
-----------------------------------------------------------x

Index No. 514152/2021
Cal. No. 24-27  MS 1, 3, 4, 5

**DECISION AND ORDER**

| Papers | Numbered |
|---|---|
| MS 1 | Doc. # 9-13, 21-24, 99-105 |
| MS 3 | Doc. # 41-46, 49-56, 59-67, 69-80, 86-95, |
| MS 4 | Doc. # 106-109, 142-144, 157-159, 161 |
| MS 5 | Doc. # 113-121, 145-156, 158 |

      Upon the foregoing cited papers, the decision and order on plaintiff's orders to show cause for U&O (MS 1) and a preliminary injunction (MS 3), defendants Wythe Berry and Weiss's motions to dismiss (MS 4) and to quash plaintiff's subpoenas (MS 5) is as follows:

      Plaintiff Wythe Berry Fee Owner LLC (Fee Owner), an entity wholly owned by Wythe Berry Member LLC (WB Member), is the owner of The William Vale Hotel, office space, retail space and parking located at 55 Wythe Avenue, Brooklyn, New York, Block 2283, Lot 1 (the premises or hotel complex). WB Member is owned 50/50 by defendant Zelig Wiess (Weiss) and YG WV LLC. YG WV LLC, an entity wholly owned by All Year Holdings Ltd. (All Year), is the managing member of WB Member.

      Defendant Wythe Berry LLC (Wythe Berry) is the lessor in possession of the premises pursuant to a 15-year ground lease executed on February 28, 2017, by defendant Yoel Goldman (Goldman) on behalf of both lessor Fee Owner and lessee Wythe Berry. Defendants Goldman and

1

FILED: KINGS COUNTY CLERK 12/06/2021 10:15 AM
NYSCEF DOC. NO. 162
22-11340-mg    Doc 53    Filed 01/10/23    Entered 01/10/23 17:26:59    Main Document
Pg 3 of 16
INDEX NO. 514152/2021
RECEIVED NYSCEF: 12/06/2021

Weiss are the guarantors on the lease. Goldman and Weiss are 50/50 members and owners of Wythe Berry. Weiss is the manager of Wythe Berry and allegedly in charge of all business decisions made by the company. Wythe Berry allegedly operates The William Vale Hotel through various subleases to entities that are partially or wholly owned and controlled by Weiss. Plaintiff alleged that Weiss, through Wythe Berry, the subtenants, and the Weiss Management Company, generates revenue from the business operations at the premises, and is required to pass along a portion of such revenue to Fee Owner in the form of rent payments pursuant to the lease.

Plaintiff alleged Wythe Berry failed to make a semi-annual rent payment in the amount of $7,500,000.00 due under the lease on February 1, 2021, provide any meaningful financial information concerning the hotel complex's cash flows and operations or access to the premises in breach of express provisions of the lease requiring such. Plaintiff further alleged Weiss is personally benefitting by causing Wythe Berry to pay substantial management fees to management companies he owns and/or controls, while refusing to pay the rent. Plaintiff also alleged there are outstanding NYC DOB violations which defendants have failed to cure. Plaintiffs served defendants with a Notice of Default, dated May 5, 2021, which set forth the alleged events of default and demanded lessee cure within 10 days. Plaintiff sent defendants a Notice of Cancellation and Termination, dated May 20, 2021, along with a hardship declaration, canceling and terminating the lease. Plaintiff alleged defendants failed to cure the defaults, return the COVID-19 hardship declaration, or vacate and surrender possession.

Plaintiff alleged it was prompted to seek judicial intervention because its secured lender, Mishmeret Trust Company Limited (Mishmeret), served a Notice of Events of Default; Reservation of Rights on April 16, 2021. Plaintiff alleged its payment defaults on the loan stem from defendants' failure to pay rent, which puts it in a precarious position with Mishmeret that may ultimately lead to foreclosure and loss of the hotel complex. Plaintiff commenced this action

2

FILED: KINGS COUNTY CLERK 12/06/2021 10:15 AM
NYSCEF DOC. NO. 162
INDEX NO. 514152/2021
RECEIVED NYSCEF: 12/06/2021
22-11340-mg    Doc 53    Filed 01/10/23    Entered 01/10/23 17:26:59    Main Document
Pg 4 of 16

on June 11, 2021, seeking a money judgment, judgment declaring the lease had been terminated, and an order directing the Sheriff of Kings County to eject Wythe Berry from the leased premises, enjoining Wythe Berry from occupying or possessing the premises, and returning possession to Fee Owner.

There are currently five motions pending before the Court. MS 1 is plaintiff's order to show cause seeking use and occupancy. MS 3 is plaintiff's order to show cause seeking a preliminary injunction enjoining defendants from entering into leases on any unleased or vacant portion of the premises. Wythe Berry and Weiss also moved to dismiss the complaint (MS 4), pursuant to CPLR 3211 (a) (1) [documentary evidence] and (a) (3) [lack of standing], on the ground that Fee Owner lacks standing to bring this action because Mishmeret, and not Fee Owner, is the real party in interest. Goldman, by counsel, entered into a stipulation with plaintiff to extend his time to answer to October 4, 2021. Counsel did not file a notice of appearance and Goldman did not file an answer or otherwise move. MS 5 is Wythe Berry and Weiss's motion to quash plaintiff's subpoenas and MS 6 is plaintiff's motion to compel compliance with its subpoenas. MS 5 and 6 were adjourned to January 13, 2022.

On a motion to dismiss, the pleading must be afforded a liberal construction and the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Qureshi v Vital Transp., Inc.*, 173 AD3d 1076, 1077 [2d Dept 2019]). On a pre-answer motion to dismiss, pursuant to CPLR 3211 (a) (3), on the ground that plaintiff lacked standing to maintain the action, the burden is on the moving defendant to establish, prima facie, plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing (*Deutsche Bank Trust Co. Americas v Vitellas*, 131 AD3d 52,

3

FILED: KINGS COUNTY CLERK 12/06/2021 10:15 AM
NYSCEF DOC. NO. 162
22-11340-mg    Doc 53    Filed 01/10/23    Entered 01/10/23 17:26:59    Main Document
Pg 5 of 16
INDEX NO. 514152/2021
RECEIVED NYSCEF: 12/06/2021

60 [2d Dept 2015] [citations omitted]). To defeat such motion, plaintiff's submissions must raise a question of fact as to its standing (*id.*).

On February 28, 2017, contemporaneous with the execution of the lease, plaintiff refinanced a particular debt with its lender, All Year. The debt was evidenced by an Amended and Restated Promissory Note (the Note) and secured by an Agreement of Modification of Mortgage, Security Agreement, Assignment of Rents and Fixture Filing (the Security Instrument). Goldman executed the Assignment of Leases and Rents and Security Deposits (the lease assignment) on behalf of Fee Owner, the borrower. The lease assignment was recorded on March 6, 2017. All Year subsequently transferred and assigned all its rights, title and interest in the loan documents to Mishmeret by executing an assignment on March 16, 2021, and Mishmeret became the lender under the loan documents.

Movants argued section 3 of the Lease Assignment provided that the assignment "constitutes an absolute, present assignment and not merely an assignment for additional security," and further provided that "so long as no Event of Default [under the mortgage loan] has occurred and is continuing, [Fee Owner] shall have a revocable license to operate the Property, enter into and modify Leases, and commence summary proceedings against tenants under the Leases," but that "[d]uring the continuance of an Event of Default, the aforementioned license granted to [Fee Owner] shall automatically terminate without notice to" [Fee Owner]. Movants argued there is no dispute that the loan documents, including the Lease Assignment, were assigned to Mishmeret and that Mishmeret is the lender. Movants argued Fee Owner's license automatically terminated upon and during the continuance of its undisputed default with Mishmeret. Citing *MLS Funding Corp. v Comprehensive Cardiac Servs. of N.Y., P.C.*, 188 AD3d 870, 871 (2d Dept 2020) (holding that pursuant to the clear and unambiguous assignment between the plaintiff and a nonparty assignee, the plaintiff assigned all its right, title, and interest

in its lease with the defendants to the nonparty assignee, and therefore the plaintiff was no longer the real party in interest), movants argued for dismissal of the complaint on the ground Fee Owner lacks standing to maintain the instant lawsuit.

Plaintiff alleged it had Meshmeret's authorization and consent to serve the Notice of Default and Notice of Termination, and to bring this action against defendants, subject to, and without waiver of, Mishmeret's rights pursuant to the loan documents. Plaintiff also argued that Mishmeret's consent is evinced by the fact that it has not taken any actions as a landlord under the lease nor has it prevented Fee Owner from acting in that capacity. Plaintiff contended that even if the revocable license terminated, the parties to the Lease Assignment, by their course of conduct, have chosen to continue as if such revocation had not occurred. Plaintiff argued that granting the motion to dismiss would negate the parties' intent and contradict the plain terms of the Lease Assignment in which the Lender reserved the right to step into lessor's shoes, but did not require it to do so. Plaintiff also argued defendants failed to provide the remaining loan documents, such as the Security Instrument, referenced throughout the lease assignment, which are necessary to fully interpret the lease assignment. Defendant argued in its reply that the Court take judicial notice of the remaining loan documents which were recorded and available on ACRIS. Plaintiff also argued defendants failed to attach Mishmeret's April 16, 2021 Notice of Events of Default; Reservation of Rights.

Plaintiff argued *MLS Funding Corp.*, relied on by defendants, was not on point as it involved the assignment of a lease for medical equipment and not a mortgage lien on real property. Plaintiff instead relied on *Dream Team Assoc., LLC v Broadway City, LLC*, 2003 WL 21203342, 2003 NY Slip Op 50894(U) (Civil Court, New York County 2003), which held the landlord had standing to bring summary holdover proceeding against tenant where landlord unconditionally assigned its leases and rents to the mortgage lender. The Court reasoned that New York is a "lien

5

FILED: KINGS COUNTY CLERK 12/06/2021 10:15 AM
NYSCEF DOC. NO. 162
INDEX NO. 514152/2021
RECEIVED NYSCEF: 12/06/2021

22-11340-mg    Doc 53    Filed 01/10/23    Entered 01/10/23 17:26:59    Main Document
Pg 7 of 16

theory" state rather than a "title theory" state, meaning that no transfer of title to the leases is effectuated when an assignment is given as security for a mortgage loan regardless of the language used in the assignment instrument (citing *see Suderov v Ogle*, 149 Misc2d 906 [App Term, 2d Dept 1991], citing 77 NY Jur 2d, Mortgages and Deeds of Trust, § 25, at 401; *see Mooney v Byrne*, 163 NY 86 [1900]; *Carr v Carr*, 52 NY 251 [1873]). The assignment did not constitute a transfer of absolute title since it was an assignment for purposes of securing a mortgage, the lender's right to collect rents terminated with satisfaction of the loan, the only permissible use that could be made of the funds collected for rent was to pay down the mortgage, the mortgagee was not required to perform any of the covenants or conditions contained in the leases, and the mortgagor was required to indemnify and hold harmless the mortgagee for any liabilities with respect to the leases.

Here, on the record presented, defendants demonstrated the lease assignment was made to All Year, as lender, for the purposes of securing a $166,320,000.00 loan it made to Fee Owner. Pursuant to the terms of the lease assignment, the lender was not required to perform any of the covenants or conditions contained in the leases, and the borrower was required to indemnify and hold harmless the lender for any liabilities with respect to the leases. Defendants failed to demonstrate the lender's right to collect rents extended past satisfaction of the loan or that lender could, at its discretion, make use of the funds collected as rent other than to pay down the mortgage. The lease assignment repeatedly referenced the Security Instrument, which was part of the loan documents, which defendants failed to attach. Plaintiff argued defendants failed to meet their burden, in part, by failing to attach the loan documents and defendants argued the Court could take judicial notice of the documents filed on ACRIS.

The first issue is whether this Court may take judicial notice of loan documents recorded on ACRIS. "To be sure, a court may take judicial notice of facts which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy"

FILED: KINGS COUNTY CLERK 12/06/2021 10:15 AM
NYSCEF DOC. NO. 162
INDEX NO. 514152/2021
RECEIVED NYSCEF: 12/06/2021
22-11340-mg    Doc 53    Filed 01/10/23    Entered 01/10/23 17:26:59    Main Document
Pg 8 of 16

(*Hamilton v Miller*, 23 NY3d 592, 603 [2014], quoting *People v Jones*, 73 NY2d 427, 431 [1989] [internal quotation marks omitted]). The Court has discretion to take judicial notice of public documents that are generated in a manner which assures their reliability such as material derived from official government websites (*see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co.*, 61 AD3d 13, 19 [2d Dept 2009]). The law "... recognizes generally two disjunctive circumstances where information may be judicially noticed. The first is when information "rests upon knowledge ... [that is] widely accepted" (*Ptasznik v Schultz*, 247 AD2d 197, 198 [2d Dept 1998] [emphasis added]) such as calendar dates, geographical locations, and sunrise times (*id.* at 199). The second "rests upon ... sources [that are] widely accepted and unimpeachable" (*id.* at 198 [emphasis added]), such as reliable uncontested governmental records" (*Kingsbook*, 61 AD3d at 19). Here, although the Security Instrument was recorded against the property and available on ACRIS, it is not the kind of information that rests upon knowledge that is widely accepted or sources widely accepted and unimpeachable. Therefore, the Court declines to take judicial notice of the loan documents filed on ACRIS. Accordingly, defendants failed to sustain their burden of showing plaintiffs lack standing and their pre-answer motion to dismiss, pursuant to CPLR 3211 (a) (3), is denied (*see Deustsche Bank*, 131 AD3d at 59-60).

A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211 (a) (1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Leon v Martinez*, 84 NY2d at 88). To state a cause of action for ejectment, plaintiff must establish that (1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate (*Noamex, Inc. v Domsey Worldwide, Ltd.*, 192 AD3d 817, 819 [2d Dept 2021]). Defendants' motion to dismiss based on documentary evidence

FILED: KINGS COUNTY CLERK 12/06/2021 10:15 AM
NYSCEF DOC. NO. 162
22-11340-mg    Doc 53    Filed 01/10/23    Entered 01/10/23 17:26:59    Main Document
Pg 9 of 16
INDEX NO. 514152/2021
RECEIVED NYSCEF: 12/06/2021

here is also denied as the evidence defendants presented failed to utterly refute plaintiff's claim that it has an immediate right to possession of the premises.

Moreover, on September 9, 2021, the Court ordered that "Wythe Berry LLC and Weiss shall submit responses to the motions and an answer to the summons and complaint on or before October 4, 2021" (NYSCEF Doc 96). On October 4, 2021, Wythe Berry and Weiss sought additional time to "respond to the Verified Complaint." The request was denied. (Doc 97 and 98). Wythe Berry and Weiss did not file an answer. Rather, they filed MS 4, a pre-answer motion to dismiss, on October 5, 2021, which was untimely. Accordingly, defendants' motion to dismiss is denied in its entirety and defendants' answer is deemed waived.

Plaintiff moved by order to show cause (MS 1) for an order directing lessee to: 1) immediately pay $1,693,548.40 of pendente lite use and occupancy (U&O) of the subject premises, located at 55 Wythe Avenue, Brooklyn, New York, at the contractually agreed upon "Base Rent" rate payable at the time the lease was allegedly terminated, (i) in the prorated amount of $443,548.40 from May 20, 2021 through the end of May, and (ii) in the amount of $1,250,000,00 per month for the month of June 2021 and on the first day of each month thereafter, 2) payment of real property taxes due to the City of New York on July 1, 2021, 3) cure all 17 outstanding violations issued against the complex by the New York City Department of Buildings dating back to January 1, 2020, 4) maintain insurance policies and deductibles as provided in section 9.1 of the lease, 5) provide access to the premises for inspection, and 6) provide all books, records, and financial information and/or providing expedited discovery.

The U&O sought here is discretionary U&O, pursuant to Real Property Law § 220, and not U&O pursuant to RPAPL 753 since this is not a summary proceeding. "A court has broad discretion in awarding use and occupancy pendente lite" (*43rd St. Deli, Inc. v Paramount Leasehold, L.P.*, 107 AD3d 501 [1st Dept 2013], citing *Alphonse Hotel Corp. v 76 Corp.*, 273

8

FILED: KINGS COUNTY CLERK 12/06/2021 10:15 AM
NYSCEF DOC. NO. 162
22-11340-mg    Doc 53    Filed 01/10/23    Entered 01/10/23 17:26:59    Main Document
                                    Pg 10 of 16
INDEX NO. 514152/2021
RECEIVED NYSCEF: 12/06/2021

AD2d 124 [1st Dept 2000]). The basic elements of a claim under the section are: 1) an allegation of ownership or other superior right in the subject premises; 2) entry into the premises by acquiescence of the landlord; 3) continuous use and occupation thereafter; 4) proof or agreement as to the value of the reasonable use and occupancy; and 5) refusal to pay that sum upon demand (*see New York State Teachers' Retirement Sys. v Huberty*, 48 AD2d 741 [3d Dept 1975]). Although the court may look to the amount of rent paid under a prior lease between the parties in setting use and occupancy (*43rd St. Deli, Inc.*, 107 AD3d at 501, citing *see Kuo Po Trading Co. v Tsung Tsin Assn.*, 273 AD2d 111 [1st Dept 2000]), prior rent is only probative, not dispositive, on the issue (*43rd St. Deli, Inc.*, 107 AD3d at 501, citing *see Mushlam, Inc. v Nazor*, 80 AD3d 471, 472 [1st Dept 2011]). Moreover, the court may refer the issue to a referee (*43rd St. Deli, Inc.*, 107 AD3d at 501, citing *Alphonse Hotel Corp. v 76 Corp*, 273 AD2d 124 [1st Dept 2000]).

> The award of use and occupancy during the pendency of an action or proceeding accommodates the competing interests of the parties in affording necessary and fair protection to both. An occupant's duty to pay the landlord for its use and occupancy of the premises is predicated upon the theory of quantum meruit, and is imposed by law for the purpose of bringing about justice without reference to the intention of the parties. The value of use and occupancy is the net value that would have been received by the landlord, taking into account the net profit from the rental, along with any maintenance costs that would have been incurred. The landlord generally has the burden of proving the amount owed by the tenant. (*255 Butler Assoc., LLC v 255 Butler, LLC*, 173 AD3d 651, 653-654 [2d Dept 2019] [internal quotations and citations omitted]).

Here, plaintiff seeks an order for U & O directing the immediate payment of pendente lite use and occupancy, in the prorated amount of $443,548.40 from May 20, 2021, through the end of May, and $1,250,000 per month from June 2021, directly to Lessor, payable on the first day of each and every month. Plaintiff alleged the hotel had been operating and generating positive cash returns of hundreds of thousands of dollars per month, even after paying operating expenses and hundreds of thousands of dollars in management fees to the Weiss Management Company. Plaintiff also alleged lessee had accumulated nearly $2.8 million in cash and cash equivalents as

9

FILED: KINGS COUNTY CLERK 12/06/2021 10:15 AM
NYSCEF DOC. NO. 162
22-11340-mg    Doc 53    Filed 01/10/23    Entered 01/10/23 17:26:59    Main Document
Pg 11 of 16
INDEX NO. 514152/2021
RECEIVED NYSCEF: 12/06/2021

recently as March 2021, and received millions of dollars in payment protection loans. Plaintiff averred lessor is now in a precarious position with Mishmeret, its secured lender, due to payment defaults on the mortgage, which is secured by the hotel complex, and allegedly stem from lessee's failure to pay rent to lessor.

As to U&O through August 2021, and the issued of posting a bond for arrears, the parties indicated during a judicial conference that the rent is current (although the record indicates Weiss admitted Wythe Berry does not have the money to pay the rent [Weiss's opposition to MS 3, Doc 84, paragraph 20]). As to the taxes, DOB violations and insurance policies, Weiss, on behalf of Wythe Berry, averred the real estate taxes that were due July 1, 2021, were paid, the alleged 17 violations issued by the New York City Department of Buildings were cured, and Wythe Berry has maintained insurance policies. Defendants provided a tax bill indicating a due date of July 1, 2021, and proof of payment in full on June 30, 2021, proof of 17 resolved or dismissed DOB violations, and proof of effective commercial property insurance. Therefore, the Court must resolve whether plaintiff's proposed $1,250,000 per month in U&O is reasonable.

The lease provided for rent in the amount of $15,000,000.00 per year to be paid in semi-annual installments of $7,500,000.00 on February 1 and August 1 of each year, plus additional rent including taxes, water, sewer, or other utility or fines imposed by a governmental authority. The lease further provided that in the event the hotel complex shall have gross annual income in excess of $50,000,000.00 in a calendar year, the rent shall be increased by an amount equal to 1.5% percent of the amount of the complex's gross annual income. Here, there are no allegations that annual income has exceeded $50,000,000.00 during the relevant period, although there is a claim for inspection of the books and records.

Plaintiff filed its demand for books and records (NYSCEF Doc 12) and seeks expedited discovery on the grounds that Wiess is allegedly self-dealing and diverting revenues, depriving

10

FILED: KINGS COUNTY CLERK 12/06/2021 10:15 AM
NYSCEF DOC. NO. 162
INDEX NO. 514152/2021
RECEIVED NYSCEF: 12/06/2021

22-11340-mg    Doc 53    Filed 01/10/23    Entered 01/10/23 17:26:59    Main Document
Pg 12 of 16

plaintiff of the rent it is entitled to collect, and putting plaintiff in default on its mortgage. Plaintiff argued that expedited disclosure would also serve defendants by demonstrating the merit of their claims of financial hardship. In support of granting this relief, the parties indicated during a judicial conference that the rent was current, while Weiss averred in an affidavit that Wythe Berry did not have funds to pay rent (NYSCEF Doc 84, para. 20). Further, no PC order has been entered yet.

Accordingly, defendant shall pay plaintiff U&O, pursuant to the lease, semi-annually in the amount of $7.5 million, with the next payment due on or before February 1, 2022, plus additional rent, on the grounds that such order accommodates the competing interests of the parties, affords necessary and fair protection to both parties, to the lessee through possession, pending determination of plaintiff's declaratory judgment on the issue of the lease termination and claim for ejectment, and, at the same time, to the lessor by requiring payment to the lessor for use and occupancy. As to plaintiff's request for expedited discovery regarding the books and records, the motion is granted to the extent the parties shall appear at a virtual Preliminary Conference, the time and date of which shall be scheduled by the Court.

Finally, plaintiff moved by order to show cause (MS 3) for a preliminary injunction enjoining defendants from advertising, entering into leases, or altering any unleased or vacant portion of the premises. Plaintiff averred that by letter dated August 2, 2021, lessee advised that it intends to "secur[e] new tenants for commercial and retail elements" of the leased premises and to "build out spaces for the new tenants, and must fund that work from gross revenues generated from the complex." Plaintiff also averred that in August 2021, lessee retained a broker and a listing for the vacant space on the internet with Meridian Retail Leasing advertising "Prime Restaurant Space for Lease." Plaintiff argued for a preliminary injunction on the grounds that it seeks to eject lessee from the premises by this action, after which plaintiff intends to bring in a new hotel operator who will manage the leased premises appropriately and pay rent to lessor.

FILED: KINGS COUNTY CLERK 12/06/2021 10:15 AM
NYSCEF DOC. NO. 162
22-11340-mg    Doc 53    Filed 01/10/23    Entered 01/10/23 17:26:59    Main Document
Pg 13 of 16
INDEX NO. 514152/2021
RECEIVED NYSCEF: 12/06/2021

Plaintiff contended that as long as defendant is not restrained, plaintiff's property rights are in jeopardy and plaintiff faces immediate, irreparable harm from a defendant controlled by a party, Weiss, who has already engaged in diversion of plaintiff's monies. Plaintiff argued it will be irreparably harmed if defendants enter into new leases with new tenants and engage in any action to alter, modify, or improve the premises to accommodate such tenants. Plaintiff also argued Wythe Berry has no defense to its failure to pay rent or its material breaches of the lease. Plaintiff further argued, on the ground that the lease terminated and Wythe Berry is illegally holding over, it has no right to market the premises or enter into new subleases for vacant spaces.

To obtain a preliminary injunction, the movant must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor (*see* CPLR 6301; *Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]). "The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual" (*County of Suffolk v Givens*, 106 AD3d 943, 944 [2d Dept 2013] [citations omitted]). Irreparable injury does not refer to economic loss which is compensable by money damages, but rather refers to any injury for which money damages are insufficient (*Di Fabio v Omnipoint Communications, Inc.*, 66 AD3d 635, 636-637 [2d Dept 2009]). Movant must also show that the irreparable harm is " 'imminent, not remote or speculative' " (*Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738, 739 [2d Dept 2010], quoting *Golden v Steam Heat*, 216 AD2d 440, 442 [1995]). To show the balance of equities tips in favor of movant, plaintiffs must show the irreparable injury to be sustained is more burdensome to plaintiff than the harm that would be caused to the defendants through the imposition of the injunction (*e.g. Eastview Mall, LLC v Grace Holmes, Inc.*, 182 AD3d 1057, 1059 [4th Dept 2020]).

FILED: KINGS COUNTY CLERK 12/06/2021 10:15 AM
NYSCEF DOC. NO. 162
INDEX NO. 514152/2021
RECEIVED NYSCEF: 12/06/2021
22-11340-mg    Doc 53    Filed 01/10/23    Entered 01/10/23 17:26:59    Main Document
Pg 14 of 16

The likelihood of the success of plaintiff's ejectment action depends on whether plaintiff has an immediate right to possession of the premises (*see Noamex, Inc. v Domsey Worldwide, Ltd.*, 192 AD3d at 819). Where a valid landlord-tenant relationship exists, as here, a predicate notice must be served on defendant prior to commencement of an ejectment action (*see e.g. Alleyne v Townsley*, 110 AD2d 674 [2d Dept 1985]). At issue here is whether plaintiff's notice was effective to terminate the lease.

Allegedly proceeding pursuant to section 12.1 of the lease (Events of Default of Lessee), which provided the failure by lessee to pay rent, pursuant to section 2.1 of the lease, or any other monetary amount due to lessor, within 30 days of the date required, plaintiff issued a default notice on May 5, 2021. The notice indicated the basis for default and demanded remedial action within 10 days. On May 20, 2021, plaintiff issued its notice of cancellation on the grounds that defendants failed to take timely remedial action. Plaintiff argued the lease was properly terminated.

However, defendants argued the decision to terminate the lease was a "major decision" under Article 5 the WB Member Operating Agreement and therefore prior unanimous written consent of all members was required. Section 5.2.9 of the WB Operating Agreement provided termination of the lease constituted a major decision, provided that the lessee was not in material financial default under the terms of the lease. Defendants argued the May 5 notice of default never mentioned a material financial default, consequently the exception in section 5.2.9 did not apply, and plaintiff was required to obtain prior unanimous written consent before issuing the May 15 notice of termination. Weiss further argued that missing a single rent payment during a pandemic did not rise to the level of "material" financial default under the 15-year lease. Moreover, Weiss averred, the terms of the lease contemplated disruptions in the payment of rent such as New York State's Executive Orders and other pandemic-related restrictions, which entitled Wythe Berry to an abatement. Notwithstanding the foregoing, the defaults were subsequently cured.

FILED: KINGS COUNTY CLERK 12/06/2021 10:15 AM
NYSCEF DOC. NO. 162
22-11340-mg    Doc 53    Filed 01/10/23    Entered 01/10/23 17:26:59    Main Document
Pg 15 of 16
INDEX NO. 514152/2021
RECEIVED NYSCEF: 12/06/2021

To sustain its burden, plaintiff must demonstrate a clear right to relief which is "plain from the undisputed facts" (*Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348, 350 [2d Dept 1998], quoting *Family Affair Haircutters v Detling*, 110 AD2d 745, 746 [2d Dept 1985]). Where the facts are in sharp dispute, a temporary injunction will not be granted (*id*). Here, in addition to the parties' arguments and the allegations contained in the record, plaintiff's third cause of action sought a judgment declaring the lease was properly cancelled and terminated by the Notice of Cancellation and Termination on May 20, 2021. As the purpose of a preliminary injunction is to maintain the status quo rather than provide the ultimate relief requested, and in light of the numerous factual and legal questions presented, the likelihood of plaintiff's success on the merits has not been demonstrated (*see e.g. Russian Church of Our Lady of Kazan v Dunkel*, 34 AD2d 799 [2d Dept 1970] [reasoning "[i]t is well settled that temporary injunctions which in effect give the same relief which is expected to be obtained by final judgment, if granted at all, are granted with great caution and only when required by urgent situations or grave necessity, and then only on the clearest evidence"]). The determination of whether to enjoin defendants from exercising their rights under the prime lease necessarily entails the determination of plaintiff's third cause of action, which is not before the Court on this motion and the Court declines to make such determination sua sponte.

Further, for the purposes of a preliminary injunction, plaintiff must demonstrate irreparable injury which is not compensable by money damages (*see Di Fabio v Omnipoint Communications, Inc.*, 66 AD3d at 636-637). Allegations of harm, as here, which are remote or speculative are not sufficient to warrant the imposition of a preliminary injunction (*see Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738, 739 [2d Dept 2010], quoting *Golden v Steam Heat*, 216 AD2d 440, 442 [1995]). Here, plaintiff alleged harm may result if Wythe Berry is not enjoined from engaging in subleasing activities. However, plaintiff has failed to demonstrate such harm is

NYSCEF DOC. NO. 162  RECEIVED NYSCEF: 12/06/2021
22-11340-mg    Doc 53    Filed 01/10/23    Entered 01/10/23 17:26:59    Main Document
Pg 16 of 16

imminent or whether such subtenancy would result in actual harm to plaintiff. Moreover, "... a sublease is dependent upon and limited by the terms and conditions of the paramount lease from which it is carved, [and therefore,] a subtenancy may be terminated by the expiration of the term of the prime tenant, or a re-entry by the landlord for a condition broken" (*380 Yorktown Food Corp. v 380 Downing Dr., LLC*, 107 AD3d 786, 788 [2d Dept 2013]). To the extent Wythe Berry may enter into a sublease, such subtenant would be no more than a subtenant of lessee, lacking privity of estate or contract with Fee Owner, and therefore without standing to enjoin a proceeding by lessor to recover possession (*see id.*).

Wiess further argued that subleasing the vacant premises would result in income generation, the absence of which allegedly places Wythe Berry in the position to default on payment of the future rent. Fee Owner argued it would not reap the benefit of such additional revenue because Wiess would divert the funds and Wythe Berry would withhold the rent. However, as the accounts have been made current, this contention is speculative. Moreover, as long as the rent is paid, Fee Owner has no interest in how Wythe Berry expends its gross revenues, and Wythe Berry has been ordered to pay U&O. Therefore, the equities do not tip in favor of plaintiff in imposing a preliminary injunction (*see Eastview Mall, LLC*, 182 AD3d at 1059). Accordingly, plaintiff's order to show cause for a preliminary injunction (MS 3) is denied.

It is therefore so ordered:

MS 1 is granted to extent as stated herein.
MS 3 is denied.
MS 4 is denied.
MS 5, along with MS 6, is adjourned to January 13, 2021.

ENTER:

*[signature: RAB]*

Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

15 of 15