UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                                      Chapter 11

WYTHE BERRY FEE OWNER LLC,                                               Case No.: 22-11340-MG

                            Debtor.
-----------------------------------------------------------x

## ORDER DENYING ZELIG WEISS'S MOTION TO DISMISS, OR TO ABSTAIN FROM HEARING, THE INVOLUNTARY PETITION

Upon the motion dated October 27, 2022 ("Motion," ECF Doc. # 12)[1] of movant Zelig Weiss ("Weiss"), seeking an order: (I) dismissing the involuntary petition ("Petition," ECF Doc. # 1), filed on October 6, 2022 against the alleged debtor, Wythe Berry Fee Owner LLC ("Alleged Debtor") by Mishmeret Trust Company Ltd., solely in its capacity as Trustee for the Series C Notes (the "Trustee"), Yelin Lapidot Provident Funds Management Ltd. ("YLP"), The Phoenix Insurance Company Limited ("Phoenix") and Klirmark Opportunity Fund III L.P. ("Klirmark" and, together with YLP and Phoenix, the "Noteholder Petitioning Creditors" and, together with the Trustee, collectively, the "Petitioning Creditors"), or, alternatively, abstaining from consideration of the Petition and dismissing this case, and (II) to the extent necessary, permitting Weiss to intervene in this case as an interested entity for all purposes, including to contest the Petition on the grounds set forth herein; and upon the Motion having been served on all necessary parties; and upon the completion of briefing on the Motion by all necessary parties (*see* ECF Doc. ## 40, 42, 45); and upon the Court having had a trial on January 17, 2023 on contested issues of fact (at which three witnesses testified); and upon the Court having fully considered the Motion briefing papers and trial testimony; and upon the Court having

---

[1] Capitalized terms not otherwise defined herein shall have the definition ascribed to them in the Motion.

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is **DENIED** insofar as it seeks an order dismissing the Petition or, in the alternative, abstaining from hearing this chapter 11 case.  In ruling from the Bench denying the Motion, the Court did not rule whether Weiss has standing to move to dismiss the involuntary Petition, or whether Weiss should be granted leave to intervene to move to dismiss the involuntary Petition, because the Court determined that even if Weiss has standing or should be permitted to intervene, the result would be the same—namely, denial of the Motion to dismiss or abstain.  The Court indicated that, in due course, it will issue an Opinion elaborating on its reasons for so ruling.

**ORDERED**, that the Order for Relief is entered against the Alleged Debtor in this case; and, it is further,

**ORDERED**, that this Court shall retain jurisdiction over all issues arising from or related to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Dated:  January 18, 2023
        New York, New York

                                                            **/s/ Martin Glenn**
                                                         MARTIN GLENN
                                      Chief United States Bankruptcy Judge