**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Wythe Berry Fee Owner LLC | : | Case No. 22-11340 (MG) |
| | : | |
| Debtor. | : | |

**STIPULATION, AGREEMENT AND ORDER**
**REGARDING CONSENT TO REMOVAL OF CERTAIN STATE COURT LITIGATION**

This stipulation, agreement and order (the *"Stipulation"*) is entered into by Wythe Berry Fee Owner LLC as debtor and debtor in possession (the *"Debtor"*), Wythe Berry LLC (*"WB LLC"*), and Zelig Weiss (*"Weiss"*), collectively referred to in this Stipulation as the *"Parties,"* and, each, as a *"Party."* The Parties hereby stipulate and agree as follows:

**RECITALS**

WHEREAS, on June 11, 2021, Debtor commenced an action (the *"State Court Lawsuit"*) pending as Index No. 514152/2021 against Weiss, WB LLC, and Yoel Goldman ("*Goldman*") in the Supreme Court of the State of New York, Kings County (the "*State Court*") for breach of a certain Ground Lease by and between Debtor as Lessor, WB LLC as Lessee, and Weiss and Goldman as Guarantors;

WHEREAS, the State Court Lawsuit seeks money damages for unpaid rent and attorneys' fees, a declaratory judgment that the Ground Lease between Debtor and WB LLC was properly terminated, and an order of ejectment removing WB LLC from Debtor's property, the William Vale Hotel and its offices (together, the *"William Vale Hotel Complex"*);

WHEREAS, on October 6, 2022, certain petitioning creditors filed an involuntary petition (the "*Involuntary Petition*") seeking an Order for Relief pursuant to section 303 of the Bankruptcy Code against the Debtor (ECF Nos. 1, 2);

WHEREAS, on January 18, 2023, this Court entered an Order for Relief against the Debtor (ECF No. 56);

WHEREAS, the Debtor desires to remove the State Court Lawsuit to this Court and commenced an adversary proceeding in the United States District Court of the Southern District of New York, Case No. 1:23-cv-01137, by filing a Notice of Removal on February 9, 2023, which matter was transferred to the United States Bankruptcy Court of the Southern District of New York and assigned Adversary Proceeding No. 23-01012-mg;

WHEREAS, the Debtor desires to engage LW Hospitality Advisors (*"LWHA"*) pursuant to the terms and conditions set forth in that certain Professional Services Agreement attached hereto as Exhibit A (the "*LWHA Engagement Terms*") to serve as Debtor's hospitality adviser, compile data and reports to enable the Debtor's management to understand the current operating performance of the various business units at the William Vale Hotel Complex, provide reports on the ongoing financial performance of, and property conditions at, the William Vale Hotel Complex, provide a pricing assessment or appraisal of the William Vale Hotel Complex and render such other general services or assistance consistent with the foregoing as the Debtor and its counsel may deem necessary (the "*LWHA Services*");

WHEREAS, Weiss and WB LLC have indicated to the Debtor that they are willing to agree not to object to the Debtor's engagement of LWHA and/or any motion seeking Bankruptcy Court approval of LWHA's engagement;

WHEREAS, the Debtor has filed a Motion to Approve Use of Cash Collateral [ECF No. 72] (the *"Cash Collateral Motion"*);

WHEREAS, Weiss and WB LLC have indicated that, subject to the terms and conditions set forth herein, they are willing to consent and/or not object to the relief sought in the revised proposed order granting the Cash Collateral Motion attached hereto as Exhibit B (the "*Revised Proposed Cash Collateral Order*");

WHEREAS, Weiss and WB LLC have indicated to the Debtor that, subject to the terms and conditions set forth herein, they are willing to consent to the removal of the State Court Lawsuit and the engagement of LWHA;

WHEREAS, to the extent removed to this Court, the Debtor is willing to stay the State Court Lawsuit until April 30, 2023;

NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. The Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the *"Effective Date"*).

2. Weiss and WB LLC consent and do not object to the removal of the State Court Lawsuit to this Court pursuant to 28 U.S.C. §§ 1441 *et. seq.* and 1452, *et. seq.*, and Bankruptcy Rule 9027, nor will they seek remand of the State Court Lawsuit, and each of them voluntarily waives all of their rights to any and all such objections or ability to request remand.

3. Weiss and WB LLC consent and do not object to the relief sought in the Revised Proposed Cash Collateral Order.

4. Weiss and WB LLC consent and do not object to the Debtor engaging LWHA in accordance with the LWHA Engagement Terms to perform the LWHA Services, and each of them will cooperate, take all steps reasonably necessary, including but not limited to providing reasonable access to books and records and access to any physical property, and use their

reasonable best efforts to assist LWHA and/or its representatives in the timely completion of LWHA Services for the Debtor. The Debtor agrees to promptly provide to Weiss and WB LLC copies of all written reports and conclusions provided by LWHA to the Debtor. To the extent that Debtor seeks to expand the scope of the LWHA Engagement Terms or the LWHA Services in the future, Debtor will file an appropriate application with the Court and it is agreed and understood that Weiss and WB LLC hereby reserve all objections to such future application.

5. Within 10 business days of the Effective Date, Weiss and WB LLC will provide all of the documents set forth on Exhibit C hereto, or indicate, to the extent applicable, that such documents do not exist.

6. Upon removal of the State Court Lawsuit to the Bankruptcy Court, each of the Debtor, Weiss and WB LLC agree that the State Court Lawsuit shall be stayed until April 30, 2023; provided, however, that such stay shall terminate if (i) Weiss and WB LLC fail to cooperate with LWHA as set forth in paragraph 4 above; or (ii) Weiss fails to provide the documents set forth on Exhibit B hereto in accordance with paragraph 5 above (each, a "*Termination Event*"). If the Debtor believes a Termination Event has occurred, the Debtor shall provide written notice thereof to Weiss and shall meet and confer with Weiss in good faith concerning such Termination Event. If the Parties disagree as to whether a Termination Event has occurred, either Party may raise the issue with the Court.

7. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it

shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

9. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

10. Notwithstanding the applicability of Federal Rule of Bankruptcy Procedure 4001(a)(3), the terms and provisions of this Stipulation shall be effective immediately and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors, and any authorized assigns.

11. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

[SIGNATURE PAGE TO FOLLOW]

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: February 24, 2023

| WYTHE BERRY LLC AND ZELIG WEISS | WYTHE BERRY FEE OWNER LLC |
|---|---|
| By: */s/ Nicholas A. Bassett* <br> Nicholas A. Bassett <br> PAUL HASTINGS LLP <br> 200 Park Avenue <br> New York, NY  10166 <br> Telephone: (212) 318-6000 <br> Email: nicholasbassett@paulhastings.com <br> *Attorneys for Wythe Berry LLC and Zelig Weiss* | By: */s/ Stephen B. Selbst* <br> Stephen B. Selbst <br> HERRICK, FEINSTEIN LLP <br> Two Park Avenue <br> New York, New York  10016 <br> Telephone: (212) 592-1400 <br> Email: sselbst@herrick.com <br> *Attorneys for the Debtor* |

**IT IS SO ORDERED.**

Dated:_____, 2023
New York, New York

_____
MARTIN GLENN
Chief United States Bankruptcy Judge