**Davis Polk**

Elliot Moskowitz
+1 212 450 4241
elliot.moskowitz@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

March 2, 2023

Re: *In re Wythe Berry Fee Owner LLC, Case No. 22-11340 (MG)*

Hon. Martin Glenn
Chief U.S. Bankruptcy Judge
U.S. Bankruptcy Court, Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408

Dear Judge Glenn:

We represent Yoel Goldman in connection with the above-referenced proceeding, as well as the related chapter 11 proceeding of *In re All Year Holdings Limited, Case No. 21-12051 (MG)*. Mr. Goldman comes to this Court in various capacities, including as a creditor of Wythe Berry Fee Owner LLC (the "Debtor"), as a 50% owner of the entity that is party to the lease of the William Vale Hotel (the "Hotel"), as a co-defendant in the state court lawsuit the Debtor has sought to remove to this Court, and as equal owner and joint-venturer with Zelig Weiss, and primary funder, in the development and operation of the Hotel.

We write with respect to the Stipulation, Agreement and Order Regarding Consent to Removal of Certain State Court Litigation (the "Stipulation") (Dkt. # 83) that is before the Court for approval in connection with the Debtor's cash collateral motion (Dkt. # 72). Mr. Goldman was not approached by the Debtor or Mr. Weiss with respect to the Stipulation and is thus not a party to it. However, Mr. Goldman notes that the Stipulation requires Mr. Weiss to finally share detailed information with the Debtor regarding the Hotel, pursuant to a list of documents attached as Exhibit C to the amended final cash collateral order (Dkt. 83-2). As the Court may be aware, Mr. Weiss has refused to share this information with anyone for several years, including Mr. Goldman who is entitled to the information under the express terms of the LLC operating agreement governing the joint venture. Mr. Goldman was happy to see that the Debtor will finally be able to obtain this information, which the Debtor plans to provide to a hotel advisory firm in order to, among other things, "provide a pricing assessment or appraisal of the William Vale Hotel Complex." (Dkt. 83 at 2.) Mr. Goldman further notes that the amended cash collateral order contains milestones that require the Debtor to, on or before August 1, 2023, file a disclosure statement and plan or to file a bid procedures motion for a sale of the Debtor's assets. (Dkt. # 83-2 at 17.)

It is axiomatic that any potential bidder will require information about the Hotel—the Debtor's only asset—in order to formulate a credible bid. Mr. Goldman has long been concerned that Mr. Weiss has been concealing information about the Hotel from all parties in order to preclude any bidders other than himself from negotiating with the Bondholders and purchasing the asset. Indeed, Mr. Weiss previously asked this Court to issue an order precluding All Year Holdings Limited from selling its interest in the Hotel to anyone other than Mr. Weiss. Mr. Goldman understands that Mr. Weiss continues to try to negotiate with the Bondholders and that his goal remains to purchase the Hotel and exclude Mr. Goldman (and any others) from having the opportunity to do so. In an effort to level the playing field, and consistent with traditional principles of transparency in chapter 11 cases, Mr. Goldman has approached both the Debtor and Mr. Weiss to ask them to share with Mr. Goldman the same information that Mr. Weiss will provide to the Debtor under the Stipulation. Mr. Goldman is willing to sign an NDA that protects the confidentiality of such information. Nonetheless, both parties have declined.

**Davis Polk**    Hon. Martin Glenn

Mr. Goldman respectfully requests that the Court provide a mechanism through which interested parties, including Mr. Goldman, may gain access to the information about the Hotel following the execution of an NDA. Given the reference in the amended cash collateral order to a bid procedures motion, Mr. Goldman is concerned that Mr. Weiss—though his exclusive access to information about the Hotel that he has concealed for years—will become a stalking horse bidder seeking bid protections from this Court, or otherwise have an unfair advantage over any other potential bidder interested in purchasing the assets of the Debtor.[1] In addition, Mr. Goldman is entitled to this information in his capacity as a defendant in the lawsuit the Debtor has removed to this Court, as a creditor of the Debtor, and as a matter of express contract right as joint venturer. Mr. Goldman is prepared to proceed with his requests via Rule 2004 if the Court believes that procedural step to be more appropriate, but given today's hearing, Mr. Goldman wished to address the Court in the first instance as it considers whether to enter the Stipulation and the Debtor's other requests for relief.

We will be available at the hearing today to address these matters with the Court.

Respectfully submitted,

*/s/Elliot Moskowitz*

Elliot Moskowitz

**Electronic Delivery and ECF**

---

[1] Mr. Goldman has commenced litigation in state court regarding Mr. Weiss's breaches of his agreements with Mr. Goldman. That litigation, in part, seeks to prevent Mr. Weiss from committing further breaches of the parties' agreements by undertaking major transactions with respect to the Hotel without Mr. Goldman's consent. Mr. Goldman reserves all rights in the event that Mr. Weiss attempts to undertake a transaction, in connection with this bankruptcy case or otherwise, that violates his contractual obligations to Mr. Goldman.