HERRICK, FEINSTEIN LLP
Stephen B. Selbst
Janice Goldberg
Rodger T. Quigley
Two Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
sselbst@herrick.com
jgoldberg@herrick.com
rquigley@herrick.com

*Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **WYTHE BERRY FEE OWNER LLC,** | Case No. 22-11340 (MG) |
| **Debtor.**[1] | |

------------------------------------------------------------X

### NOTICE OF HEARING ON DEBTOR'S OBJECTION TO CLAIM OF YOEL GOLDMAN (CLAIM NO. 011)

**PLEASE TAKE NOTICE** that Wythe Berry Fee Owner LLC as debtor and debtor in possession ("**Fee Owner**" or the "**Debtor**") has filed an objection (the "**Objection**") to the claim (the "**Claim**") of Yoel Goldman ("**Goldman**") (Claim No. 011) in this bankruptcy case.

**PLEASE TAKE FURTHER NOTICE that the Claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with an attorney if applicable.**

---

[1] The Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211. The last four digits of the Debtor's Federal Tax Id. No. are 9776.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 523, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**") on **August 30, 2023 at 10:00 a.m. (prevailing Eastern Time)** (the "**Hearing**") to consider the Objection.

**PLEASE TAKE FURTHER NOTICE** that the Objection has been electronically filed with the Clerk of the Bankruptcy Court and, as such, may be examined and inspected by contacting the applicant or by accessing the Court's website (http://www.nysb.uscourts.gov).

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with two single-sided hard copies delivered to the Judge's Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399, the Bankruptcy Rules, and the Local Bankruptcy Rules, so as to be filed and served upon (i) counsel for the Debtor Herrick, Feinstein LLP, Two Park Avenue, New York, NY 10016 (Attn: Stephen B. Selbst, Esq., and Janice Goldberg, Esq.); (ii) the Office of the United States Trustee – NY, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, NY 10004-1408 (Attn: Andrea B. Schwartz, Esq.); (iii) counsel to Mishmeret Trust Company Ltd., as Trustee for the Bondholders, Chapman & Cutler LLP, 1270

Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq.); (iv) Yoel Goldman, 199 Lee Avenue, Suite 693, Brooklyn, New York 11211; (v) counsel for Yoel Goldman Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Elliot Moskowitz, Esq.); and (vi) all parties who have timely filed requests for notice under Rule 2002 of the Bankruptcy Rules, by no later than **August 23, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are filed in the form and manner provided above, the Court may decide that the Objection is unopposed.

**PLEASE TAKE FURTHER NOTICE that, due to the COVID-19 pandemic, the Hearing, if held, will be conducted using Zoom for Government. Parties should not appear in person and those wishing to appear or participate at the Hearing (whether "live" or "listen only") must make an electronic appearance through the Court's website prior to 4:00 p.m. (Prevailing Eastern Time) on the business day prior to the Hearing. Instructions for making an eCourtAppearance and additional information on the Court's Zoom procedures can be found at https://www.nysb.uscourts.gov/content/chief-judge-martin-glenn**

Dated: July 14, 2023
New York, New York

/s/ *Stephen B. Selbst*
HERRICK, FEINSTEIN LLP
Stephen B. Selbst
Janice Goldberg
Rodger T. Quigley
Two Park Avenue
New York, New York 10016

*Attorneys for the Debtor
 and Debtor in Possession*

HERRICK, FEINSTEIN LLP
Stephen B. Selbst
Janice Goldberg
Rodger T. Quigley
Two Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
sselbst@herrick.com
jgoldberg@herrick.com
rquigley@herrick.com

*Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

In re:                                                      **Chapter 11**

**WYTHE BERRY FEE OWNER LLC,**                              **Case No. 22-11340 (MG)**

               **Debtor.**[2]

-----------------------------------------------------------X

**DEBTOR'S OBJECTION TO CLAIM OF YOEL GOLDMAN
(CLAIM NO. 011)**

**TO:   HONORABLE MARTIN GLENN,
       UNITED STATES BANKRUPTCY JUDGE:**

Wythe Berry Fee Owner LLC, as debtor and debtor in possession ("**Fee Owner**" or the "**Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), by and through its counsel, Herrick, Feinstein LLP ("**Herrick**"), as for its objection (the "**Objection**") to the claim (the "**Claim**") of Yoel Goldman ("**Goldman**" or the "**Claimant**") (Claim No. 011) asserting a claim for indemnification for legal fees and expenses in an amount of $994,048.15, respectfully represents as follows:

---

[2] The Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211. The last four digits of the Debtor's Federal Tax Id. No. are 9776.

**INTRODUCTION**

1. The Debtor files this Objection pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing and expunging the Claim of Goldman, which seeks indemnification for legal fees and expenses in an amount of $994,048.15.

2. The Debtor has examined the Claim and has determined that the Claim must be disallowed in its entirety because Claimant fails to establish a contractual or other legal basis to support the Claim. Under New York law, a claim for indemnity must arise from a legal duty. Claimant has not shown that such a duty exists—and cannot. First, Claimant's allegation that he has an "indirect" interest in the Debtor has no factual or legal basis. Following the consummation of All Year Holdings Limited's ("**All Year**") plan of reorganization, Claimant is neither a direct nor an indirect member of the Debtor as his shares in All Year were cancelled. Thus, Claimant's only remaining connection to this case is his 50% equity interest in Wythe Berry LLC, the lessee under that certain Lease Agreement dated as of February 28, 2017, by and between Debtor and Wythe Berry LLC (the "Lease Agreement"). Claimant's interest in the Debtor's lessee is not sufficient for him to obtain standing to assert the Claim. To the extent Claimant alleges the Claim for indemnity is based on the Lease Agreement, Claimant, as a nonparty guarantor, has no right to indemnity under the Lease Agreement. But Claimant does not even allege that or cite or attach any authority at all.[3]

---

[3] Debtor reserves its right to object to the Claim on the additional basis that, in the event the Debtor's plan of reorganization is not confirmed, the Claim should be disallowed under section 502(e)(2)(B) of the Bankruptcy Code because the Claim is contingent on a plan of reorganization being confirmed. Bankruptcy Code § 502(e)(2)(B) (noting the court "shall disallow any claim for reimbursement or contribution" if "such claim . . . is contingent as of the time of allowance or

## BACKGROUND

3. On October 6, 2022 (the "**Petition Date**"), Mishmeret, Yelin Lapidot Provident Funds Management Ltd., The Phoenix Insurance Company Limited and Klirmark Opportunity Fund III L.P. (each a "**Petitioning Creditor**" and together the "**Petitioning Creditors**") filed an involuntary petition (the "**Involuntary Petition**") seeking an Order for Relief pursuant to section 303 of the Bankruptcy Code [ECF Nos. 1, 2].

4. On January 18, 2023, an order for relief was entered by this Court against Fee Owner [ECF No. 58].

5. The Debtor is authorized to remain in possession of its property and to continue to operate and manage its business as debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this Chapter 11 Case.

6. The Court and all parties in interest are respectfully referred to the Declaration of Assaf Ravid Pursuant to Local Bankruptcy Rule 1007-2 (the "**Ravid Declaration**") [ECF No. 68] for a detailed discussion concerning the Debtor, its business, and the events leading to the filing of the Involuntary Petition in this Chapter 11 Case.

---

disallowance of such claim for reimbursement or contribution"); Claim ¶ 4 (noting that the "amount and priority of the claims made herein are either undetermined or unliquidated at this time"); *In re Drexel Burnham Lambert Grp. Inc.*, 148 B.R. 982, 985, 993 (Bankr. S.D.N.Y. 1992) (disallowing contingent claims for indemnification).

## THE CLAIM

7.  On or about May 1, 2023, Goldman filed the Claim, asserting a right to indemnification for legal fees and expenses "incurred by multiple law firms" in an amount of $994,048.15. Claim ¶ 3.a. In the Claim, Goldman asserts that he is the managing member of YG WV LLC and a fifty percent owner of Wythe Berry LLC, which is the lessee of the William Vale Hotel complex in Williamsburg, Brooklyn. *Id.* ¶ 2. Goldman also claims to have been sole economic shareholder of All Year prior to its Chapter 11 bankruptcy proceeding, and to be an "indirect shareholder, member, manager, officer, employee or agent of the Debtor or its predecessors." *Id.* ¶¶ 2, 3.a.

## BASIS FOR RELIEF REQUESTED

8.  The Debtor has reviewed the Claim and has determined that the Claim must be disallowed because the Claim fails to establish a contractual or other legal basis to support the Claim. Indeed, Claimant fails to specify any legal basis or cite or attach any authority at all to support a request for indemnity. And Claimant's purported "indirect" interest in the Debtor is not sufficient to obtain standing to assert the Claim. Claim ¶ 3.a.

9.  A claim for indemnification must arise from a legal duty—usually expressed in a contract. *Anderson v. Greyhound Lines, Inc.*, 2011 WL 3480945, at *3 (S.D.N.Y. Aug. 3, 2011) (noting that "[i]ndemnification . . . arises out of a contract which may be express or may be implied in law" (quoting *Rosado v. Proctor & Schwartz, Inc.*, 66 N.Y.2d 21, 24 (1985))). When there is no legal basis for an indemnification claim, the claim fails. *Id.* at *5 (granting summary judgment dismissing indemnity claim "since there [was] no basis . . . to assert a claim for either common law or contractual indemnification").

10. Goldman's Claim does not establish that any legal duty exists. The Claim merely

alleges that it is "filed on behalf of any and all 'claims'" including "[i]ndemnification" and that the "documents supporting [the Claim] are voluminous." Claim ¶ 3.a. But Goldman cites no contractual or other legal basis to elucidate his right to assert the Claim. *See id.* This is fatal to the Claim. *In re Biocoastal Corp.*, 178 B.R. 875, 877 (Bankr. M.D. Fla. 1995) (claim disallowed where claimant failed to establish a contractual right to indemnity); *see also Anderson*, 2011 WL 3480945 (dismissing baseless indemnity claim).

11. The Claimant lacks standing to assert the Claim. Goldman claims to have been the sole economic shareholder of All Year prior to its Chapter 11 bankruptcy proceeding, and claims to be an "indirect shareholder, member, manager, officer, employee or agent of the Debtor or its predecessors." Claim ¶¶ 2, 3.a. First, any claim of indemnity based on being a shareholder of All Year should have been filed in the All Year chapter 11 proceeding, not here. Second, Claimant's allegation that he has an "indirect" interest in the Debtor is false. The Debtor is wholly owned by Wythe Berry Member LLC. Wythe Berry Member LLC is owned by Zelig Weiss and YGWV LLC. YGWV LLC was wholly owned by All Year. Following the consummation of All Year's plan of reorganization (the "**All Year Plan**"), All Year Holding's interests in YGWV LLC were transferred to Wind Down Co for the benefit of All Year's creditors and Claimant's shares in All Year were cancelled. Thus, any indirect interest or economic ties between Goldman and the Debtor were severed as a result of the consummation of the All Year Plan.

12. Goldman has not alleged that he is a direct creditor of the Debtor, and has no standing as an "indirect" creditor. *In re Benyamin*, 596 B.R. 789, 794 (Bankr. S.D.N.Y. 2019) (Glenn, J.) (expunging claim where claimant failed to establish standing, and noting parties may appear as long as they have a "direct stake" in the litigation (quoting *In re Conde-Dedonato*, 391 B.R. 247, 250 (Bankr. E.D.N.Y. 2008)); *c.f. In re Mt. Creek Resort, Inc.*, 616 B.R. 45, 49-51, 57

(Bankr. D.N.J. 2020) (disallowing claim of alleged indirect creditor for lack of statutory standing to assert administrative claim).

13. Claimant's only remaining connection to this case is his 50% equity interest in Wythe Berry LLC, the lessee under the Lease Agreement Agreement, neither of which is sufficient for him to obtain standing to assert the Claim. Although Claimant does not allege that the supposed indemnification right arises from the Lease Agreement, even if Claimant did so allege, Claimant has no right to indemnity under the Lease Agreement. Under New York law, a third party seeking to enforce a contract has the burden to show that the contract was intended for its benefit. *In re Lehman Bros. Holdings*, 515 B.R. 171, 177-78 (Bankr. S.D.N.Y. 2014). Claimant cannot make this showing because no such intent is evident on the face of the Lease Agreement. *See id.* (finding dismissal appropriate where no manifest intent to grant third-party beneficiary rights to claimants on the face of the relevant agreement).

14. If the Claim is based on a writing, the lack of documentation accompanying the Claim is also fatal to the Claim. *Drexel Burnham Lambert Grp.*, 148 B.R. at 992 ("Rothschild did not submit a copy of its AAU or any documentation to support its claim. Rothschild's [indemnification] claim is disallowed."); Fed. R. Bankr. P. 3001(c) ("[W]hen a claim . . . is based on a writing, a copy of the writing shall be filed with the proof of claim."); *see also In re Minbatiwalla*, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010) ("[I]n certain circumstances claims can be disallowed for failure to support the claim with sufficient evidence, even if this is not a specifically enumerated reason for disallowance under 11 U.S.C. § 502(b), because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim.").

15. Relatedly, because of the lack of information about the basis of the Claim, and the

failure to even specify which law firm incurred the fees and expenses referred to, it is unclear whether the legal fees and expenses were even incurred for the benefit of the Debtor.

16. Because the Claimant fails to establish a contractual or other legal basis to support the Claim, or cite or attach any authority to support the Claim, and in any event lacks standing to assert the Claim, the Debtor requests that the Court disallow and expunge the Claim in its entirety.

## **NOTICE**

17. Notice of this Objection shall be given to: (i) the Office of the United States Trustee; (ii) counsel to Mishmeret; (iii) Yoel Goldman and his counsel; and (iv) all parties who formally appeared and requested notice and service in this Chapter 11 Case.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order granting the relief requested herein, and such other and further relief as it deems just and proper.

Dated: July 14, 2023
New York, New York

HERRICK, FEINSTEIN LLP

 /s/ *Stephen B. Selbst*
Stephen B. Selbst
Janice Goldberg
Rodger T. Quigley
Two Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
amehlman@herrick.com
sselbst@herrick.com
jgoldberg@herrick.com
rquigley@herrick.com

*Attorneys for the Debtor
and Debtor in Possession*