DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Elliot Moskowitz

*Attorneys for Defendant Yoel Goldman*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>WYTHE BERRY FEE OWNER LLC,<br><br>　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 22-11340 (MG) |

**YOEL GOLDMAN'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM OF MR. GOLDMAN (CLAIM NO. 011)**

**TO:    HONORABLE MARTIN GLENN**
**        UNITED STATES BANKRUPTCY JUDGE:**

Yoel Goldman ("Goldman"), as creditor in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through his counsel, Davis Polk & Wardwell LLP, as for his response to the Debtor's Objection to Claim of Yoel Goldman (Claim No. 011) (the "Claim") asserting a claim for indemnification for legal fees and expenses in an amount of $994,048.15 (Dkt. #148), respectfully states as follows:

<u>THE CLAIM</u>

1.    On May 1, 2023, Goldman filed the Claim, asserting he is owed indemnification for $994,048.15 in legal fees and expenses "incurred by multiple law firms" based on the Debtor's "organizational documents . . . including any of the Debtor's . . . limited liability company agreements." Claim at 4. In the Claim, Goldman

explained that prior to the commencement of All Year Holdings Limited's ("All Year") Chapter 11 bankruptcy proceeding on December 14, 2021, he was "involved in the business and affairs of the Debtor" as the indirect 50% owner of the Debtor. *Id*. Specifically, Goldman was the sole economic shareholder of All Year, which wholly owned YG WV LLC, which is the 50% owner of the Debtor through its direct parent Wythe Berry Member LLC. *Id*. Goldman also noted that he was the managing member of YG WV LLC. *Id*.

2.  The Debtor does not contest these factual points regarding organizational structure, which have previously been submitted to the Court. *See In re All Year Holdings Limited, Chapter 11 Case No. 21-12051 (MG),* Dkt. #4, Ex. A.

BASIS FOR DENYING THE RELIEF REQUESTED

3.  The Debtor asserts four grounds for disallowing the Claim, each of which is without merit, as explained further below.

4.  First, the Debtor argues that Goldman "lacks standing to assert the Claim," mischaracterizing that the Claim seeks a recovery from All Year based on Goldman's status as a former shareholder of that debtor. Dkt. #148 at 8. This is incorrect. The Claim is not based on any indemnification rights offered by All Year's organizational documents, but rather is based on indemnification rights offered by the Limited Liability Company Agreement of the Debtor (Ex. A) (the "LLC Agreement"), signed by Goldman on behalf of YG WV LLC, then the Managing Member of the Debtor's sole member, Wythe Berry Member LLC.[1] In other words, as Goldman seeks indemnification from the Debtor, the Claim is properly asserted here.

---

[1] The Debtor points out that "any claim of indemnity based on being a shareholder of All Year should have been filed in the All Year chapter 11 proceeding." Dkt. #148 at 8. In fact, Goldman

2

5. Second, the Debtor argues that the Claim fails because the LLC Agreement was not attached to the Claim. Dkt. #148 at 9. As a threshold matter, this objection is specious because (1) the Debtor has possession of its own organizational documents, including the LLC Agreement; and (2) the Claim itself offered to make those documents available to the Debtor. *See* Claim at 5 ("The documents supporting this Proof of Claim are voluminous and the Claimant believes that the Debtor has copies of all documents supporting this Proof of Claim. Additional copies of any relevant materials will be provided upon request."); Ex. A. Crediting the Debtor's argument would be the height of form over substance. The Debtor was entitled to seek further documentation of Goldman's claim through informal requests or discovery, but it did not do so.

6. To the extent this argument has any remaining merit, the Debtor fails to acknowledge that even under its own cherry-picked case law, not attaching the documentation contemplated by Fed. R. Bankr. P. 3001 only "results in the loss of the ***prima facie*** validity of the claim." *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (emphasis added). But "failure to attach the required documentation does not automatically render the claim invalid." *Id.* Instead, "[o]nce the objecting party succeeds in overcoming the prima facie effect given to a proof of claim, the burden shifts back to the claimant to provide support for the validity of its claim by a preponderance of the evidence that the claim should be allowed under applicable law. *In re Brancato*, 8-19-75686-LAS, 2023 WL 5127334, at *6 (Bankr. E.D.N.Y. Aug. 9, 2023). The Debtor

---

previously submitted indemnity claims stemming from the indemnification rights provided in All Year's Memorandum and Articles of Association and the organizational documents of certain of All Year's subsidiaries in its chapter 11 proceeding. *See In re All Year Holdings Limited, Chapter 11 Case No. 21-12051 (MG)*, Dkt. #36, Ex. C at 26. By contrast, the Claim submitted here stems from the indemnification rights based on the LLC Agreement, which run to Goldman via the organizational structure described above.

3

cites primarily to *In re Drexel Burnham Lambert Group Inc.*, 148 B.R. 982, 991 (Bankr. S.D.N.Y. 1992), but *Drexel* does not stand for the broad proposition that failure to submit a writing along with a proof of claim requires automatic disallowance of the claim. Indeed, a different claimant in that very case was given the opportunity to substantiate its proof of claim after indicating that it believed that the debtor had copies of the relevant documents. *Id.* at 992-93 ("The Claimants contend that Drexel, who was lead underwriter, executed the AAU's on their behalf and should have a copy of the documents."). Mr. Goldman has followed the same course here. *See supra* ¶ 5.

7. Third, similar to the first argument above, the Debtor argues that Goldman has no interest in the Debtor because Goldman's indirect interest stemmed from his position as sole shareholder of All Year, and Goldman's shares in All Year were cancelled when its Plan of Reorganization was consummated. Dkt. #148 at 8. This argument likewise misses the mark. Goldman's indemnification rights based on his prior acts or omissions when he was an indirect owner of Wythe Berry Fee Owner LLC do not suddenly disappear when his indirect interest in Wythe Berry Fee Owner LLC is cancelled, but rather give rise to an ordinary course pre-petition unsecured indemnity claim for the period in which the indemnity was in effect. Nothing has occurred in this Debtor's bankruptcy to discharge such indemnity rights.

8. Fourth, the Debtor argues that Goldman has not alleged he is a direct creditor and has no standing as an indirect creditor. Dkt. #148 at 8. This argument is circular. Goldman rightfully asserted the Claim based on his indemnification rights, through the proof of claim submission process established in the Bar Date Order. Dkt. #112. In other words, he is a creditor as an indemnitee of the Debtor. Ultimately, the

question of whether Goldman is a creditor of the Debtor is for the Court to determine when it decides on the validity of the Claim.

9. Finally, much of the Objection is devoted to addressing whether Goldman is due indemnification under that certain Lease Agreement dated as of February 28, 2017, by and between Debtor and Wythe Berry LLC (the "Lease Agreement"). Dkt. #148 at 5, 9. This is a straw man, as Goldman does not allege that his indemnification rights underlying the Claim arise from the Lease Agreement—which the Debtor acknowledges. Claim at 5; Dkt. #148 at 9.

## RESERVATION OF RIGHTS

10. This response is addressed to the four arguments raised by the Debtor in its Objection. To the extent the Debtor raises additional arguments in connection with the hearing, Goldman reserves the right to supplement this response accordingly.

## NOTICE

11. Notice of this response shall be given to: (i) the Office of the United States Trustee; (ii) counsel to Mishmeret; (iii) counsel to the Debtor; and (iv) all parties who formally appeared and requested notice and service in this Chapter 11 Case.

WHEREFORE, Goldman respectfully requests that the Court enter an order denying the Debtor's requested relief, and such other and further relief as it deems just and proper.

Dated:   New York, New York
         August 23, 2023

DAVIS POLK & WARDWELL LLP

By:  /s/ Elliot Moskowitz
     Elliot Moskowitz

450 Lexington Avenue
New York, New York  10017
(212) 450-4000

*Attorneys for Defendant Yoel Goldman*