# EXHIBIT A



**American Arbitration Association**

*Dispute Resolution Services Worldwide*

### Commercial Arbitration Tribunal

| | |
|---|---|
| **Yoel Goldman,** | **AAA Case #01-23-0001-2090** |
| **Claimant,** | **Procedural Order No. 1** |
| | **Interim Relief** |
| **vs.** | **and** |
| | **Initial Scheduling** |
| **Zelig Weiss,** | |
| **Respondent.** | |

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA) effective September 2022, a preliminary hearing was held on August 21, 2023, before Arbitrators Kevin Schlosser, Linda Gerstel, and Maureen Beyers, Panel Chair.   During the preliminary hearing, the following orders were issued and are memorialized here:

1.      The Panel construes Claimant's July and August 2023 correspondence to the AAA as a motion for interim relief pursuant to R-38.

2.      Notwithstanding the May 10, 2023 Emergency Award, Respondent Zelig Weiss may continue to negotiate directly or indirectly to purchase, acquire or otherwise obtain an interest in the William Vale Hotel (the "Hotel") or the Hotel's assets, including but not limited to any negotiations (i) with Wythe Berry Fee Owner LLC and/or its

representatives, subsidiaries or affiliates; or (ii) with any bond holders, bond holder trustee, or other creditors and/or their representatives with respect to the Hotel, or (iii) in any way relating to the bankruptcy proceeding concerning Wythe Berry Fee Owner LLC, *In re Wythe Berry Fee Owner LLC, No. 22-11340 (Bankr. S.D.N.Y.)* (the content of this paragraph is defined herein as "Proposed Transaction").

3.      Pending further order of this Panel, Respondent Zelig Weiss is enjoined from directly or indirectly consummating, entering into, executing or otherwise finalizing any Proposed Transaction.

4.      The Panel interprets Article 9 of the Operating Agreement of Wythe Berry LLC and the May 10, 2023 Emergency Award to permit Claimant Yoel Goldman broad rights to inspect and obtain paper and electronic access (including, but not limited to native files and software programs) to the books and records of Wythe Berry LLC and **Respondent is directed to immediately provide access accordingly**. Notwithstanding Respondent's **immediate** obligation to comply with this order, further instructions will follow.

5.      The Parties agree that the substantive law of New York will be applied to the issues in this Arbitration.  The Parties will meet and confer about which procedural law governs the Arbitration (such as NYCPLR Article 75, the Federal Arbitration Act, etc.) and report back to the Panel by **August 28, 2023**.  In the absence of an agreement, briefing will be required at a date to be determined by the Panel.

6.      The Parties shall further meet and confer about the number of days required for the evidentiary hearing in this matter and when such a hearing should take place, and

report back to the Panel by **August 28, 2023**.  In the absence of an agreement, the Parties shall provide their respective positions in an email to the Panel on that date.

7.      The Parties have agreed to direct exchange pursuant to R-44.  Provided there is no *ex parte* communication with the Panel, the Parties may telephonically communicate and email the Panel directly, as long as the other party and the AAA case manager are copied on the same communication and provided a copy of the same documents.  There shall be no direct oral or written communication between the Parties and the Panel except as contemplated by this Order.

8.      The next prehearing conference shall be held on **September 14, 2023,** at 9:30 am Eastern via Zoom.  The log in credentials are below.  Prior to that date, the Parties will be provided with a template case management plan and will return to the Panel a joint proposed schedule and case management plan no later than **September 11, 2023.** Areas of disagreement, if any, shall be noted in a single copy of the template.

**Dated:** 22 August 2023

Panel Chair Signature:

Maureen Beyers
On behalf of the Panel