**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
In re:                                                    **NOT FOR PUBLICATION**

     WYTHE BERRY FEE OWNER LLC,               Chapter 11

                                         Case No. 22-11340 (MG)

                        Debtor.
------------------------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIM NO. 11 FILED BY YOEL GOLDMAN

*A P P E A R A N C E S :*

HERRICK, FEINSTEIN LLP
*Counsel to the Debtor*
Two Park Avenue
New York, New York 10016
By:    Stephen B. Selbst, Esq.
        Janice Goldberg, Esq.
        Rodger T. Quigley, Esq.

DAVIS POLK & WARDWELL LLP
*Counsel for Claimant Yoel Goldman*
450 Lexington Avenue
New York, New York 10017
By:    Elliot Moskowitz, Esq.
        Chase McReynolds, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the objection (the "Objection," ECF Doc. # 148) of the

debtor, Wythe Berry Fee Owner LLC (the "Debtor"), to Claim No. 11 filed by Yoel Goldman

("Goldman" or the "Claimant"). Goldman's claim seeks indemnification for legal fees and

expenses in an amount of $994,048.15. Goldman filed a response to the Objection (the

"Goldman Response," ECF Doc. # 170), which attaches the Limited Liability Company

Agreement of the Debtor (the "LLC Agreement") as Exhibit A.  The Debtor filed a reply (the

"Reply," ECF Doc. # 187.)  The Court held a hearing on the Objection on September 26, 2023.

For the reasons explained below, the Court sustains the Objection and expunges Claim

No. 11.

## I.    <u>BACKGROUND</u>

### A.  General Case Background

On October 6, 2022, Mishmeret, Yelin Lapidot Provident Funds Management Ltd., The

Phoenix Insurance Company Limited and Klirmark Opportunity Fund III L.P. filed an

involuntary petition seeking an Order for Relief pursuant to section 303 of the Bankruptcy Code.

(*See* ECF Doc. ## 1, 2.)  On January 18, 2023, this Court entered an order for relief.  (*See* ECF

Doc. # 58.)  The Debtor is wholly owned by Wythe Berry Member LLC.  Wythe Berry Member

LLC is owned by Zelig Weiss and YGWV LLC.  YGWV LLC was wholly owned by All Year

Holdings Limited ("All Year").  (Objection ¶ 11.)  Following the consummation of All Year's plan

of reorganization (the "All Year Plan"), All Year's interests in YGWV LLC were transferred to

Wind Down Co for the benefit of All Year's creditors and Goldman's shares in All Year were

canceled.  (*Id.*)  Thus, any indirect interest or economic ties between Goldman and the Debtor were

severed as a result of the consummation of the All Year Plan.  (*Id.*)

### B.  The Claim

On or about May 1, 2023, Goldman filed the Claim, asserting a right to indemnification

for legal fees and expenses "incurred by multiple law firms" in an amount of $994,048.15.

(Claim ¶ 3.a.)  Goldman asserts that he is the managing member of YG WV LLC and a fifty

percent owner of Wythe Berry LLC, which is the lessee of the William Vale Hotel complex in

Williamsburg, Brooklyn.  (*Id.* ¶ 2.)  Goldman also claims to have been sole economic

shareholder of All Year prior to its Chapter 11 bankruptcy proceeding, and to be an "indirect

2

shareholder, member, manager, officer, employee or agent of the Debtor or its predecessors."

(*Id.* ¶¶ 2, 3.a.)

### C.  Objection

The Objection argues that the Claim should be disallowed because Claimant fails to specify any legal basis or supporting a request for indemnity.  (Objection ¶ 8.)  Specifically, the Debtor argues that Claimant's purported "indirect" interest in the Debtor under that certain Lease Agreement dated as of February 28, 2017, by and between Debtor and Wythe Berry LLC (the "Lease Agreement"). does not give rise to indemnification rights.  (*Id.* ¶ 2.)

### D.  Response

The Goldman Response argues that indemnification rights arise not from the Lease Agreement, but from the indemnification rights offered by LLC Agreement, signed by Goldman on behalf of YG WV LLC, then the Managing Member of the Debtor's sole member, Wythe Berry Member LLC.  (Goldman Response ¶ 1.)  In other words, Goldman argues that he seeks indemnification from the Debtor and that the Claim is thus properly asserted.  (*Id.* ¶ 4.)

### E.  Reply

The Debtor's Reply argues that Goldman does not have indemnification rights because (a) Goldman is not a "Covered Person," as that term is defined in LLC Agreement of the Debtor, and (b) Goldman fails to demonstrate the basis for his claim for indemnification under the terms of the LLC Agreement.  (Reply ¶ 1.)

## II.  <u>LEGAL STANDARD</u>

### A.  Allowance or Disallowance of a Claim

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate.  11 U.S.C. § 501(a).  Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).

Under section 502 of the Bankruptcy Code, if an objection is made, the court shall determine the amount of such claim "as of the filing date."  *In re Solutia, Inc.*, 379 B.R. 473, 483 (Bankr. S.D.N.Y. 2007) (citation omitted).  Section 502(b)(1) provides that claims may be disallowed if they are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  To determine whether a claim is allowable by law, bankruptcy courts look to "applicable nonbankruptcy law."  *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).

"The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes *prima facie* evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)."  4 COLLIER ON BANKRUPTCY ¶ 502.02[3][e] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2023).  Pursuant to Federal Bankruptcy Rule 3001(f), a claimant establishes a *prima facie* case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim.  If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim."  4 COLLIER ON BANKRUPTCY ¶ 502.02[3][e] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2023).

"To overcome this *prima facie* evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak* (*In re Reilly*), 245 B.R. 768, 773 (2d Cir. B.A.P. 2000).  By producing "evidence equal in force to the *prima facie* case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed."  *Creamer v. Motors Liquidation Co. GUC Trust* (*In re Motors Liquidation Co.*), No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *13 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted); *see also In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (laying out identical burden-shifting framework).

"[I]n certain circumstances claims can be disallowed for failure to support the claim with sufficient evidence, even if this is not a specifically enumerated reason for disallowance under 11 U.S.C. § 502(b), because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim."  *In re Minbatiwalla*, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010); *see also, In re Lundberg,* 2008 WL 4829846, at *7–8 (Bankr. D. Conn. Oct. 27, 2008 ("If . . . the claimant fails to allege facts in the proof of claim that are sufficient to support the claim, e.g., by failing to attach sufficient documentation to comply with Fed. R. Bankr. P. 3001(c), the claim is . . . deprived of any *prima facie* validity which it could otherwise have obtained").

## III.    **DISCUSSION**

Here, the Debtor has refuted an essential element of the Claim that Goldman has indemnification rights under the LLC Agreement.  Because Goldman has not met his burden to

show by a preponderance of evidence that the Claim should be allowed, the Court **SUSTAINS**

the Objection.

### A. Even if the Court Assumes the Claim was Prima Facie Valid, the Debtor has Refuted an Essential Element of the Claim

The parties disagree whether the claim is entitled to the initial presumption of *prima facie*

validity since Goldman did not describe or attach the documentation giving rise to the alleged

indemnification rights in the Proof of Claim. (*See* Claim). The Court need not resolve this

dispute, because even if the claim is *prima facie* valid, the Debtor has refuted an essential

element of the Claim thereby negating the claim's presumptive legal validity. *Creamer v.*

*Motors Liquidation Co. GUC*, 2013 WL 5549643, at \*13–14. For the claim to be valid it is

essential that Goldman have a legal right to indemnification under the LLC Agreement. He has

failed to show that such legal right exists.

The Debtor's Reply successfully refutes this essential element and shows that Goldman

does not have such rights to indemnification under the LLC Agreement. To assert any claim for

indemnification against the Debtor, the indemnitee must be a Covered Person, defined in section

6.1(a) of the LLC Agreement as "the organizer, the Member and the Special Member of the

Company."

Goldman is not the organizer, the Member or the Special Member of the Debtor. The

LLC Agreement identifies Taylor Lolya as the organizer, Wythe Berry Member LLC as the

Member, and Miriam Katz as the Special Member. Thus, Goldman is not entitled to

indemnification and his claim which seeks indemnification for fees is improper as a matter of

law.

**B.  Goldman Has Not Met His Burden to Show by a Preponderance of the Evidence That the Claim Should be Allowed**

Because the Debtor has refuted an essential element of the Claim, the burden shifts back to Goldman to prove by a preponderance of the evidence that his claim should be allowed. *Creamer v. Motors Liquidation Co. GUC*, 2013 WL 5549643, at *13–14.  Goldman has not done so.  In his response, Goldman states only that he has indemnification rights "based on his prior acts or omissions when he was an indirect owner of Wythe Berry Fee Owner LLC" pursuant to the LLC Agreement.  (Goldman Response ¶ 4.)  But Goldman provides no further detail or citation to the LLC Agreement to explain why, as an indirect owner, he would be a Covered Person entitled to indemnification under Section 6.1 of the LLC Agreement.  He states that his rights come from the LLC Agreement because the LLC Agreement was signed by Goldman on behalf of YG WV LLC, then the Managing Member of the Debtor's sole member, Wythe Berry Member LLC.  But he does not explain why, as an individual several levels removed from the Covered Persons, he would be entitled to indemnity.  At the hearing, Goldman's counsel conceded that he was aware of no caselaw that stood for the proposition that the benefits of an indemnity agreement flowed to an indirect equity holder.

Even if Goldman was a "Covered Person" under the LLC Agreement, he has also failed to establish that his asserted claim qualifies for indemnification under section 6.3 of the LLC Agreement.  Under section 6.3 of the LLC Agreement, the only basis for indemnification is for damages incurred for actions or omissions "performed or omitted by a Covered Person in good faith on behalf of the [Debtor]."  (LLC Agreement § 6.3.)  Goldman has not offered any evidence establishing that he performed services on behalf of the Debtor and that such services were performed in good faith.

## IV.    <u>CONCLUSION</u>

Goldman has failed to establish any basis for an indemnification claim under the LLC

Agreement.  Consequently, the Debtor's Objection is **SUSTAINED** and Claim No. 11 is

**EXPUNGED.**

        **IT IS SO ORDERED.**


Dated:      September 27, 2023
          New York, New York


                              *Martin Glenn*
                                MARTIN GLENN
              Chief United States Bankruptcy Judge