

Stephen B. Selbst
**Partner**
Phone: 212.592.1405
Fax: 212.545.2313
sselbst@herrick.com

October 30, 2023

**VIA EMAIL AND ECF**

Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408

      Re:  **In re Wythe Berry Fee Owner LLC -- Case No. 22-11340 (MG)**

Dear Judge Glenn:

      We represent Wythe Berry Fee Owner LLC, as debtor and debtor-in-possession (the "**Debtor**"), in the above-referenced chapter 11 case. We write to update the Court concerning the management transition at The William Vale Hotel (the "**Hotel**") and the other businesses and tenants at the premises (collectively, the "**WV Complex**") that will begin November 1, 2023.

      As we have previously advised the Court, on September 29, 2023, Wythe Berry LLC ("**Tenant**") delivered a notice of its intention to vacate the WV Complex by October 31, 2023. The notice was delivered by Tenant pursuant to that certain Stipulation and Order Regarding Cash Collateral (the "**Stipulation**") dated August 16, 2023 [ECF No. 166], which permits Tenant to terminate its occupancy of the WV Complex and receive a *pro rata* refund of the $7.5 million Use & Occupancy payment made in August 2023.

      Since Tenant delivered its Early Vacate Notice on September 23, 2023, the Debtor has been engaged in preparing for the transition of hotel management services. The Debtor's goal is to make the transition invisible to hotel guests and employees, and to the greatest extent possible, to our partners who provide employee services, management services, and food and beverage operations.

      To effect the transition, the Debtor will be entering into three new agreements (collectively, the "**Transition Agreements**") and will be seeking authority to amend its existing cash collateral orders. The Transition Agreements are: (a) a hotel management agreement (the "**Management Agreement**") with Interim Performance LLC ("**Performance**"), which will provide hotel management services at the WV Complex, (b) a staffing agreement (the "**Staffing Agreement**"), pursuant to which the existing staffing arrangements at The WV Complex will be extended through November 30, 2023, and (c) an agreement with WV Hospitality LLC ("**Noho**"), the existing food and beverage manager, to continue its services with the Debtor.

      The Debtor's need to modify its cash collateral orders is its most urgent need. When the existing orders were approved by the Court, Tenant was operating the WV Complex. But with the upcoming management transition, the Debtor needs to use approximately $1.2 million in working



Hon. Martin Glenn
October 30, 2023
Page **2** of **3**

capital to fund operations by November 1. That use of working capital was not contemplated, and could not have been contemplated, prior to the delivery of the Early Vacate Notice. Accordingly, later today the Debtor anticipates filing a motion to modify the existing cash collateral orders, together with a motion to shorten time so that its need for working capital can be accommodated.

The Transition Agreements are very near to completion. In the next several days, the Debtor anticipates filing a motion seeking authority to enter into the Transition Agreements. Following is a summary of the principal terms of the Transition Agreements.

**Hospitality Management Agreement**

The Hotel will be managed by Interim Performance LLC ("**Performance"**), a subsidiary of LW Hospitality Advisors, the debtor's current hospitality advisor pursuant to an agreement with the Debtor. The services to be performed by Performance replicate the services provided by Espresso Hospitality LLC, the current manager of the Hotel.

Performance will be paid the following fees pursuant to the Management Agreement:

- A monthly management fee equal to the greater of (i) $70,000, or (ii) 2.5% of Total Operating Revenue for such calendar month, trued up at the end of every calendar quarter to equal the greater of (i) $210,000 (as prorated, if applicable), or (ii) 2.5% of the Total Operating Revenue for such quarter; and

- A fee of $27,500 per month for the period October 1, 2023, through the later of the Effective Date of the Management Agreement and the effective date of the termination of the Ground Lease, as approved by the Bankruptcy Court.

The Management Agreement also requires the Debtor to hold $200,000 as a separate fund for the benefit of Manager to backstop the Debtor's indemnity obligation to Manager.

**Staffing Agreement**

Staffing at the Hotel is currently provided by William Vale Staffing LLC, a limited liability company ("**Staffing**") owned by David Lemmond, the general manager of the Hotel. Staffing has an agreement with Espresso, which is owned and controlled by Zelig Weiss ("**Weiss**"), pursuant to which Staffing provides the services of its employees to Espresso.

The Debtor, Staffing and Espresso have agreed to continue the existing staffing arrangement in place through November 30, 2023. At the end of that period, the Debtor will either hire the employees through a subsidiary or it will reach a separate agreement with Staffing for the latter to provide employees to the Debtor, as it did for Espresso. The existing compensation arrangement between Staffing and Espresso, which is a function of the Hotel's adjusted gross revenue and its net income before debt service, will remain unchanged during the one-month extension.

HF 17089604v.1



Hon. Martin Glenn
October 30, 2023
Page **3** of **3**

**Food and Beverage Operations**

Food and beverage operations at the Hotel are currently provided by WV Hospitality LLC ("**NOHO**"). The Debtor contemplates that a newly formed subsidiary will enter into an agreement with WV Hospitality LLC, on terms that generally replicate NOHO's prior agreement with The William Vale FNB LLC, an entity controlled and operated by Weiss. Under the new agreement, the compensation to NOHO will remain unchanged at 6% of food and beverage revenues.

There are two changes to prior terms with NOHO: in the new agreement, the Debtor (or its subsidiary) cannot terminate the agreement with NOHO for the next nine months, but if the Debtor sells the Hotel, may terminate the agreement on sixty (60) days' notice to NOHO.

**Cash Collateral**

Debtor intends to file a motion to amend the existing cash collateral orders. The principal terms of the proposed amended order are as follows:

- It extends the date through which the Debtor can use cash collateral to 3/31/24.
- It authorizes the Debtor to send $1,207,000 to WB Operations LLC, its wholly owned subsidiary, to be used as working capital for the Hotel in connection with the management transition.

            Respectfully submitted,

            /s/ Stephen B. Selbst
            Stephen B. Selbst

cc:  Asaf Ravid
    Ephraim Diamond
    Daniel Sasson
    Nicholas Bassett, Esq
    Jon Schuyler Brooks, Esq.
    Michael Friedman, Esq.
    Elliot Moskowitz, Esq.