HERRICK, FEINSTEIN LLP
Stephen B. Selbst
Janice Goldberg
Rodger T. Quigley
Two Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
sselbst@herrick.com
jgoldberg@herrick.com
rquigley@herrick.com

*Counsel for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                                            :
**In re**                                                   :    **Chapter 11**
                                                            :
**WYTHE BERRY FEE OWNER LLC,**                              :    **Case No. 22-11340 (MG)**
                                                            :
            **Debtor.**[1]                                  :
                                                            :
                                                            :
------------------------------------------------------------X

### DEBTOR'S MOTION FOR AN ORDER REDUCING THE NOTICE PERIOD APPLICABLE TO THE DEBTOR'S MOTION FOR ENTRY OF AN AMENDED ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL

Wythe Berry Fee Owner LLC (the "Debtor") respectfully files this motion (the "Motion to Reduce Time") under Rule 9006(c) of the Federal Rules of Bankruptcy Procedure, seeking entry of an order (the "Order"), a proposed form of which is annexed to this application as **Exhibit A**, reducing the notice period applicable to the Debtor's motion for entry of an order amending the previously entered Cash Collateral Order [ECF No. 91] and entering the revised budget attached thereto (the "Revised Budget") (the "Amended Cash Collateral Motion").[2]

---

[1] The Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211. The last four digits of the Debtor's Federal Tax Id. No. are 9776.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Amended Cash Collateral Motion.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). The Debtor confirms its consent to the Court entering a final order in connection with this Motion to Reduce Time to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are Bankruptcy Rule 9006(c) and Local Rules 9006-1.

**BACKGROUND**

5. The Debtor is the owner of the hotel, office, retail, and parking located at 55 Wythe Avenue, Brooklyn, New York (the "WV Complex").

6. On or about February 28, 2017, the Debtor and Wythe Berry LLC, entered into a Lease Agreement dated February 28, 2017 (the "Lease"), pursuant to which the WV Complex was leased to Wythe Berry LLC ("Lessee"), whose managing member is Zelig Weiss ("Weiss"). Through this Lease, Lessee, together with its affiliates, operated and managed the WV Complex, including the Hotel.

7. On October 6, 2022, Mishmeret Trust Company Ltd., in its capacity as Trustee of the Series C Bonds (the "Trustee"), Yelin Lapidot Provident Funds Management Ltd., The Phoenix Insurance Company Limited and Klirmark Opportunity Fund III L.P. filed an involuntary petition seeking an Order for Relief pursuant to Section 303 of the Bankruptcy Code against the Debtor

2

[ECF No. 1, 2]. On January 18, 2023, this Court entered an Order for Relief against the Debtor [ECF No. 56].

### A. Cash Collateral Order

8. On March 2, 2023, this Court entered a Final Order (I) Authorizing Debtor to Use Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Secured Parties, and (III) Granting Relief from the Automatic Stay (the "Cash Collateral Order") [ECF No. 91]. Paragraph 3 of the Cash Collateral Order provides that the Debtor may not use Cash Collateral except for uses specified in the Approved Budget (as such term is defined in the Cash Collateral Budget). The Approved Budget in the Cash Collateral Order expires December 31, 2023.

9. On August 9, 2023, the Debtor moved pursuant to Bankruptcy Code section 105(a) and Federal Bankruptcy Rule 9019 for approval of a stipulation (the "Stipulation") and order regarding cash collateral [ECF No. 159]. The Stipulation provided that except as specifically modified therein, the terms of the Cash Collateral Order remain in full force and effect. On August 16, 2023, the Court entered an order approving the Stipulation ("Stipulation and Order Regarding Collateral Order") [ECF No. 166].

### B. Lessee Delivers the Early Vacate Notice

10. During the course of the Chapter 11 Case, the Debtor and Trustee negotiated with Weiss concerning a purchase of the WV Complex, a transaction that the Debtor anticipated would form the basis for a plan of reorganization. On September 29, 2023, negotiations reached an impasse and Lessee delivered a notice (the "Early Vacate Notice") to the Debtor of its intention to vacate the WV Complex by October 31, 2023 [ECF No. 191, Ex. A].

11. Since the delivery of the Early Vacate Notice, Fee Owner and LW Hospitality Advisors ("LWHA"), which has served as the Debtor's hospitality advisor (the "Hospitality

Advisor"),[3] have been working with representatives of Weiss, Lessee, and Weiss's affiliated entity Espresso Hospitality Management LLC ("Espresso") to effect an orderly transition of operation of the WV Complex.

12. To ensure continuity of management, the Debtor has engaged in negotiations with Performance Interim Advisory LLC (the "Manager"), an affiliate of LWHA, pursuant to which Manager would enter into an agreement (the "Hotel Management Agreement") with the Debtor to provide hotel management services for the Hotel and also provide management services for the other tenants of the WV Complex.

13. LWHA and the Debtor have agreed that LWHA's role as Hospitality Advisor shall terminate on the date the Hotel Management Agreement is approved by this Court.

14. To provide necessary initial working capital to commence management of the Hotel, the Hotel Management Agreement requires the Debtor to make capital contributions of $1,207,000 to certain subsidiaries of the Debtor (WB Hotel LLC, WB FNB LLC, and WB Operations LLC (collectively, the "Subsidiaries") for the purposes of providing contributions to Hotel operations. Thus, the Debtor needs this Court's approval of a modification of the Cash Collateral Order to enable it to make the payment of $1,207,000 (the "Capital Contributions").

**C. Modified Cash Collateral Order**

15. The Revised Budget attached as Exhibit B to the Amended Cash Collateral Motion makes several modifications to the Cash Collateral Order, the most important of which are:

- The expiration date of the budget is extended to March 31, 2024;
- It authorizes the payment of the Capital Contributions to the Subsidiaries in accordance with the Hotel Management Agreement; and
- It authorizes the Debtor to commence payment of a monthly salary of $6,000 to Asaf Ravid, the Debtor's Chief Restructuring Officer.

---

[3] The retention of LWHA was approved by Order dated March 8, 2023 [ECF No. 101].

4

16. None of these payments are authorized under the Approved Budget in the Cash Collateral Order.

17. The Revised Budget has been reviewed and approved by the Trustee, which has no objection to the relief requested in this Motion.

### RELIEF REQUESTED

18. Under Bankruptcy Rule 9006(c), the Debtor files this Motion to Reduce Time, seeking an order reducing the notice period applicable to the Amended Cash Collateral Motion, so that the Amended Cash Collateral Motion can be heard on November 1, 2023 at 11:00 a.m. The Debtor also requests that the Court require the assertion of any objections to the Amended Cash Collateral Motion to be made at the hearing.

### BASIS FOR RELIEF

19. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules . . . , the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Under Local Rule 9006-1(b), unless otherwise ordered by the court, all motions, other than discovery related motions, shall be served at least 14 days before the return date.

20. Here, cause exists to reduce the 14-day period concerning a hearing on the Amended Cash Collateral Motion. As set forth above, and in the Amended Cash Collateral Motion, absent this Court's approval of the relief requested in the Amended Cash Collateral Motion by November 1, 2023, the Debtor would be unable to make the Capital Contributions because the Approved Budget does not allow for such payments.

21. Absent the relief requested in the Amended Cash Collateral Motion, on shortened notice, the Debtor's ability to achieve a successful transition and sale process and prosecute this

chapter 11 case as debtor in possession will be severely frustrated and serious and irreparable harm to the Debtor and its estate would occur.

22. The Debtor does not believe there is any prejudice to any party in interest if the Court grants the Motion to Reduce Time and sets the date and time for a hearing on the Amended Cash Collateral Motion for November 1, 2023 at 11:00 a.m. under shortened notice. The Trustee has consented to the Debtor's use of Cash Collateral under the terms and conditions set forth in the Amended Cash Collateral Order and the Revised Budget attached thereto. And the Lessee has previously not objected to similar relief when the Debtor sought approval of the Stipulation on shortened notice.

23. The Requested reduction of time is not prohibited under Bankruptcy Rule 9006(c)(2).

## NOTICE

24. Notice of this Motion to Reduce Time will be provided to (i) the Office of the United States Trustee for Region 2, One Bowling Green, Room 534, New York, NY 10004; (ii) counsel to the Trustee, Chapman and Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., David T.B. Audley, Esq., and Eric Silvestri, Esq.); and (iii) all other persons and entities that have requested service in this chapter 11 case pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that no further notice is required.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court approve the Motion to Reduce Time and enter the proposed order and schedule a hearing on approval of the Amended Cash Collateral Motion for November 1, 2023 at 11 a.m., and grant such other relief as may be just and proper under the circumstances.

Dated: October 31, 2023
      New York, New York

                            Respectfully submitted,

                            HERRICK, FEINSTEIN LLP

                            By: */s/ Stephen B. Selbst*
                            Stephen B. Selbst
                            Janice Goldberg
                            Rodger T. Quigley
                            2 Park Avenue
                            New York, New York 10016
                            (212) 592-1400
                            (212) 592-1500 (fax)
                            sselbst@herrick.com
                            jgoldberg@herrick.com
                            rquigley@herrick.com

                            *Attorneys for the Debtor and Debtor in Possession*

**EXHIBIT A**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                             :
**In re**                                                    :   Chapter 11
                                                             :
**WYTHE BERRY FEE OWNER LLC,**                               :   Case No. 22-11340 (MG)
                                                             :
              **Debtor.**                                    :
                                                             :
                                                             :
-------------------------------------------------------------X

### ORDER REDUCING THE NOTICE PERIOD APPLICABLE TO THE DEBTOR'S MOTION FOR ENTRY OF AN AMENDED ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL

Upon the motion, dated October 31, 2023 (the "Motion to Reduce Time"), of Wythe Berry Fee Owner LLC (the "Debtor") for an order, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure, seeking entry of an order reducing the notice period applicable to the Debtor's motion for an order amending the previously entered Cash Collateral Order [ECF No. 91] and entering the revised budget attached thereto (the "Amended Cash Collateral Motion")[4], and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion to Reduce Time is granted as provided herein; and it is further

**ORDERED** that this Court shall hold a hearing on the Amended Cash Collateral Motion before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 523, One Bowling Green, New York, New York 10004 on **November 1, 2023 at 11 a.m. (prevailing Eastern Time)**, using Zoom for Government.

**PLEASE TAKE FURTHER NOTICE that, due to the COVID-19 pandemic, the Hearing, if held, will be conducted using Zoom for Government. Parties should not appear**

---

[4]   Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion to Reduce Time.

9

**in person and those wishing to appear or participate at the hearing (whether "live" or "listen only") must make an electronic appearance through the Court's website prior to 4:00 p.m. (prevailing Eastern Time) on October 30, 2023. Instructions for making an eCourtAppearance and additional information on the Court's Zoom procedures can be found at http://www.nysb.uscourts.gov/content/chief-judge-martin-glenn.**

**ORDERED** that any response or objection to the Amended Cash Collateral Motion can be made at the hearing; and it is further

**ORDERED** that the Debtor shall provide electronic email service of the copy of this Order and the Amended Cash Collateral Motion to the following parties, within one (1) day of the entry of the Order: (i) the Office of the United States Trustee for Region 2, One Bowling Green, Room 534, New York, NY 10004; (ii) counsel to the Trustee, Chapman and Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., David T.B. Audley, Esq., and Eric Silvestri, Esq.); and (iii) all other persons and entities that have requested service in this chapter 11 case pursuant to Bankruptcy Rule 2002.

Dated: _____, 2023
      New York, New York

                        HONORABLE MARTIN GLENN
                        CHIEF UNITED STATES BANKRUPTCY JUDGE