UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
In re                                                      :    Chapter 11
                                                           :
WYTHE BERRY FEE OWNER LLC,                                 :    Case No. 22-11340 (MG)
                                                           :
               Debtor.[1]                                  :
                                                           :
                                                           :
------------------------------------------------------------X

### ORDER (I) APPROVING DEBTOR'S SELECTION OF A STALKING HORSE BIDDER, (II) APPROVING BID PROTECTIONS IN CONNECTION THEREWITH, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Wythe Berry Fee Owner LLC, as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), seeking entry of an order (the "Order"): (i) approving its selection of a Stalking Horse Bidder; (ii) approving bid protections in connection therewith; and (iii) granting related relief; and this Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.); and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of the Chapter 11 Case in this district is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing thereon were

---

[1] The Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211. The last four digits of the Debtor's Federal Tax Id. No. are 9776.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, **IT IS HEREBY FOUND AND DETERMINED THAT**:

A.  Bid Protections.

1.  The Bid Protections: (a) have been negotiated by the Debtor, the Trustee, and the Stalking Horse Bidder and their respective advisors at arms'-length and in good faith; and (b) are necessary to ensure that the Stalking Horse Bidder will continue to pursue, and, ultimately, consummate the purchase of the WV Complex (the "Transaction") pursuant to the terms set forth in the Stalking Horse Agreement and the Bid Procedures.

2.  The Bid Protections: (a) are actual and necessary costs and expenses of preserving the Debtor's estate within the meaning of section 503(b) of the Bankruptcy Code and shall be treated as an allowed administrative expense claim against the Debtor's estate pursuant to sections 105(a), 503(b), and 507(a)(2) of the Bankruptcy Code; (b) are commensurate to the real and material benefits conferred upon the Debtor's estate by the Stalking Horse Bidder; and (c) are fair, reasonable, and appropriate, including in light of the size, nature, and complexity of the Transaction and the significant efforts that have been and will continue to be expended by the Stalking Horse Bidder in connection therewith.

3.  The Bid Protections are a material inducement for, and condition of, the Stalking Horse Bidder's execution of the Stalking Horse Agreement. The Stalking Horse Bidder

2

is unwilling to remain obligated to consummate the Transaction or otherwise be bound under the Stalking Horse Agreement absent approval of the Bid Protections.

      B.    <u>Adequate Notice</u>. The Motion and the notice of the Hearing was served on the Court's electronic filing system and those parties who filed notices of appearance in the Chapter 11 Case. The notice of the Motion and the Hearing was reasonable and sufficient in light of the circumstances and nature of the relief requested in the Motion and no other or further notice of the Motion or the Hearing was necessary. A reasonable and fair opportunity to object to the Motion and the relief granted in this Order has been afforded to all parties in interest under the circumstances.

      C.    <u>Relief is Warranted</u>. The Debtor has demonstrated and proven that its performance of the obligations related to the Stalking Horse Bid and the Bid Protections is in the best interests of the Debtor, its creditors, its estate and all parties in interest, and that the foregoing represents a sound exercise of the Debtor's business judgment. The Debtor has articulated good, sufficient and sound business reasons for selecting the Stalking Horse Bidder and for approving the Bid Protections including: (i) the Stalking Horse Bid constitutes the highest or otherwise best offer that the Debtor has received to date; (ii) the approval of the relief requested is a necessary and constructive step toward the completion of the sale process; and (iii) the Stalking Horse Bid and the Bid Protections allow the Debtor to solicit the highest or otherwise best bid for the WV Complex through the Bid Procedures.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

    1.    The Motion is GRANTED as set forth herein.

    2.    William Vale Owner LLC shall be the Stalking Horse Bidder subject to the terms of the Stalking Horse Agreement and as otherwise set forth herein and in the Motion.

3. The Bid Protections are reasonable and are approved in their entirety subject to the terms of the Stalking Horse Agreement.

4. The Debtor is authorized to pay the Break-Up Fee and the Expense Reimbursement in cash or by wire transfer of immediately available funds in accordance with the terms of the Stalking Horse Agreement without further action or order by the Court.

5. The Break-Up Fee and Expense Reimbursement, to the extent payable under the Stalking Horse Agreement, shall constitute allowed administrative expense claims against the Debtor's estate pursuant to sections 105(a), 503(b), and 507(a)(2) of the Bankruptcy Code.

6. Except with respect to the relief expressly granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of any rights, remedies or defenses the Debtor has or may have under the Bankruptcy Code or any other applicable law, all such rights, remedies or defenses are expressly preserved; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

7. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

8. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

10. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

11. To the extent there is any conflict between this Order, the Motion or the Stalking Horse Agreement, this Order shall govern.

**IT IS SO ORDERED.**

Dated:  February 22, 2024
         New York, New York

                                                   **/s/ Martin Glenn**
                                                   MARTIN GLENN
                                                   Chief United States Bankruptcy Judge