**Davis Polk**

Elliot Moskowitz
+1 212 450 4241
elliot.moskowitz@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

July 1, 2024

Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408

Re: *In re Wythe Berry Fee Owner LLC, No. 22-11340 (MG)*

Dear Chief Judge Glenn:

We represent Mr. Yoel Goldman in connection with the above-referenced proceedings.  We respectfully submit this letter to request a status conference to address the Debtor's ongoing failure to pay Mr. Goldman the $650,000 it owes him for withdrawing his prior objection to the conveyance of the William Vale Hotel internet domain.  The Debtor's excuse is that five days after the $650,000 payment was first due, Meyer Chetrit— a creditor of Mr. Goldman's—served a New York state court restraining notice (the "Notice," attached as Exhibit A) which purports to prevent the Debtor from paying Mr. Goldman based on a January 2021 New York state court judgment against Mr. Goldman.  This excuse is without merit because the Notice plainly violates the automatic stay and contravenes three orders of this Court which require the $650,000 payment.  The matter has become more urgent because this morning, Mr. Chetrit apparently tried to take steps to seize funds from the Debtor's bank account.

On May 8, 2024, Mr. Goldman filed his Objection to the (1) Second Amended Chapter 11 Plan of Reorganization of Wythe Berry Fee Owner LLC and (2) Debtor's Motion for Entry of An Order Approving Settlement Agreement Pursuant to Bankruptcy Rule 9019 (Dkt. #330) in which Mr. Goldman objected to, among other things, the conveyance of the internet domain for the William Vale Hotel ("www.thewilliamvale.com") and any goodwill associated therewith (the "Domain Name") to the Debtor.  Soon after, Mr. Goldman agreed to withdraw his objection to the conveyance of the Domain Name in exchange for half of the $1.3 million Domain Purchase Price[1], as the Debtor memorialized in Section 4(d) of the Amended and Restated Settlement Agreement (Dkt. #341, the "Settlement Agreement") filed May 10, 2024: "As directed jointly by the members of WV Hotel, the Debtor shall distribute the Domain Purchase Price as follows: 50% shall be paid to Weiss (or as otherwise directed by Weiss) and 50% shall be paid to Yoel Goldman (or as otherwise directed by Yoel Goldman)."

Following the Court's May 29, 2024 approval of the Settlement Agreement and the Fourth Amended Chapter 11 Plan of Reorganization of Wythe Berry Fee Owner LLC (the "Plan") (Dkt. ##369-71) which incorporates the Settlement Agreement, Mr. Goldman, the Debtor, Zelig Weiss, and Mishmeret filed a Stipulation Regarding Amended and Restated Settlement (the "Stipulation") to further memorialize the Domain Name settlement.  (Dkt. #372.)  The Stipulation became effective on May 30, 2024, when it was approved by the Court.  (Dkt. #373 ¶ 1).  To the best of our knowledge, the Debtor then received the Domain Name pursuant to the executed Domain Name Purchase and Transfer Agreement (Exhibit C to the

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Amended and Restated Settlement Agreement (Dkt. #341).

# Davis Polk

Settlement Agreement).  Seven days passed, and still the Debtor did not pay Mr. Goldman the $650,000 it owes him.

Rather, on June 6, the Debtor's counsel informed me that Meyer Chetrit, a judgment creditor of Mr. Goldman, had served the Debtor with the Notice.  The Notice is dated June 4, 2024 and purports to prevent the Debtor from paying Mr. Goldman based on a judgment entered against Mr. Goldman in Kings County, New York on January 28, 2021 pursuant to C.P.L.R. 5222(b).  Later on June 6, I emailed the Debtor's counsel to explain that, for the reasons below, the Debtor remains contractually obligated to pay Mr. Goldman notwithstanding the Notice.  Debtor's counsel ultimately responded and recommended that the parties try to reach a consensual resolution.  The Debtor declined to seek any relief from this Court with respect to the stay violation, asserting that because the funds are due to Mr. Goldman, the matter is not of the Debtor's concern.  Earlier today, counsel for the Plan Administrator advised me that Mr. Chetrit attempted to serve an additional notice, presumably seeking to effect a seizure of the funds held in the Debtor's bank account.  Needless to say, the Debtor still has not paid Mr. Goldman – though nearly one month has passed since the Stipulation became effective.

The Notice does not relieve the Debtor from meeting its contractual obligations to Mr. Goldman for multiple reasons:  *First*, the Notice is unenforceable as a rank violation of the automatic stay.  By seeking to restrain the Debtor from exercising its rights to dispose of its prepetition property (the $650,000), through a postpetition notice based on a prepetition debt, Mr. Chetrit is impermissibly "act[ing] to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. 362(a)(3).  This court has held that similar C.P.L.R. 5225(b) restraining notices violate the automatic stay. In *In re Adomah*, 340 B.R. 453 (Bankr. S.D.N.Y. 2006), *order aff'd, appeal dismissed*, 368 B.R. 134 (S.D.N.Y. 2007), a creditor obtained a prepetition restraining notice under C.P.L.R. 5222(b) on a bank which required the bank to restrain funds in the Chapter 7 debtor's accounts.  *Id.* at 454-55.  Even though the notice was issued prepetition, the Court held that the bank violated the automatic stay when it honored the notice by "impos[ing] a freeze and [doing] nothing further, placing the party with the least interest in a quick resolution, the [creditor], in the position of determining how quickly the property would be released." *Id.* at 458.  Moreover, the court held that the bank's argument that the notice was mandatory was "flat wrong": the Bankruptcy Code preempts state law, so "upon the filing of the petition, the restraining notice became void and had no effect."  *Id.*  This is doubly true for Mr. Chetrit's Notice, which was submitted years after the Debtor's involuntary petition.  *See, e.g.*, *In re Am. Med. Utilization Mgmt. Corp.*, 494 B.R. 626, 630 (Bankr. E.D.N.Y. 2013) (declaring a C.P.L.R. 5222(b) restraining notice seeking to collect on a state court postpetition judgment against the debtor as "void and of no effect" because "it was issued post-petition for a pre-petition debt in violation of the automatic stay").

*Second*, the Court has approved three binding documents which require the Debtor to pay $650,000 "to Yoel Goldman (or as otherwise directed by Yoel Goldman)": the Stipulation, the Settlement Agreement, and the Plan (which incorporates the Settlement Agreement and for which confirmation was conditioned on approval of the Settlement Agreement).  As Mr. Goldman has provided the Debtor with direction for the payment, by withholding payment the Debtor is actively violating its contractual obligations under the Stipulation, the Settlement Agreement, and the Plan.[2]

We have endeavored to resolve this matter with the Debtor, but the Debtor has not even sought to bring the issue to the attention of the Court.  Nor have we been able to reach a consensual resolution with Mr. Chetrit, even after informing his counsel that the Notice is a clear violation of the automatic stay.  To the

---

[2] The Debtor's failure to pay Mr. Goldman also calls into question the basis upon which the Court approved the Plan and Settlement Agreement.  Had Mr. Goldman known that the Debtor would not honor its contractual responsibilities, he may never have withdrawn his objection to the conveyance of the Domain Name, and the May 15 confirmation hearing – including the direct examination of Mr. Assaf Ravid and oral argument – may have proceeded quite differently.

# Davis Polk

contrary, Mr. Chetrit is apparently attempting to take further steps to seize $650,000 from the Debtor's bank account, notwithstanding these warnings. That said, we understand that the Debtor does not object to payment of the Domain Name settlement amount so long as this Court authorizes the Debtor to do so. Accordingly, we are left to seek a status conference with the Court, which retains jurisdiction over this matter under Plan § 11.1.

We have copied counsel to Mr. Chetrit on this letter and will advise him of any status conference scheduled by the Court.

Respectfully submitted,

/s/ Elliot Moskowitz
Elliot Moskowitz


**Via Email and ECF**


cc: All Counsel of Record (via email)
Counsel to Douglas Segal, Esq., Counsel to Mr. Chetrit (via email and overnight mail)

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| MEYER CHETRIT,<br><br>                            Plaintiff/Judgment-Creditor,<br><br>              v.<br><br>YOEL GOLDMAN,<br><br>                            Defendant/Judgment-Debtor. | Index No. 525874/2020<br><br>**RESTRAINING NOTICE** |

*THE PEOPLE OF THE STATE OF NEW YORK*

TO:      WYTHE BERRY FEE OWNER LLC
           199 Lee Avenue, #693
           Brooklyn, New York 11211
           Attn: Mr. Assaf Ravid

GREETING:

        WHEREAS, in an action in the Supreme Court of the State of New York, County of Kings, between Meyer Chetrit ("Plaintiff") and Yoel Goldman ("Defendant"), who are all the parties named in said action, which bore Index Number 525874/2020, an amended judgment was entered by the Clerk of the above-referenced county on January 29, 2021, in favor of Plaintiff, as judgment creditor, and against Defendant, as judgment debtor, in the amount of $8,500,950.00 (the "Judgment"), of which $8,500,950.00, together with interest thereon from the date of judgment, remains due and unpaid, and

        WHEREAS, a copy of the entered Judgment is included herewith, and

        WHEREAS, no previous restraining notice in connection with the aforementioned amended judgment has been served upon you pursuant to C.P.L.R. Article 52.

        WHEREAS, it appears that you owe a debt to the judgment debtor or are in possession or in custody of property in which the judgment debtor has an interest;

TAKE NOTICE THAT, pursuant to CPLR 5222(b), which is set forth in full below, you are hereby forbidden to make or suffer any sale, assignment, or transfer of, or any interference with, any such property or pay over, or otherwise dispose of any such debt or property, except under direction of the sheriff or pursuant to order of the court, until the expiration of one year after this notice is served upon you, or until the judgment is satisfied or vacated, whichever event occurs first.

TAKE FURTHER NOTICE that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

Disobedience of this Restraining Notice is punishable as a contempt of court.

Civil Practice Law and Rules §5225(b)

(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice

is not effective as to other property or money.

Dated:    New York, New York
              June 4, 2024

                                      SUKENIK, SEGAL & GRAFF, P.C.

                                      By: _____
                                           Douglas Segal, Esq.
                                      Attorneys for Plaintiff/Judgment-Creditor
                                      450 Seventh Avenue, 42nd Floor
                                      New York, New York 10123
                                      (212) 725-9300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

MEYER CHETRIT,

                      Plaintiff,

     v.

YOEL GOLDMAN,

                      Defendant.

Index No. 525874/2020

**AMENDED JUDGMENT**

      WHEREAS, pursuant to an Affidavit of Judgment by Confession which defendant Yoel Goldman delivered to plaintiff Meyer Chetrit, a judgment (the "Judgment") was entered in the instant action on December 28, 2020 as NYSCEF Doc. No. 5 against defendant Yoel Goldman and in favor of plaintiff Meyer Chetrit in the principal amount of $11,655,364.22, plus interest through December 21, 2020 in the amount of $908,408.35, plus interest from December 22, 2020 through December 28, 2020 in the amount of $54,391.68, for a total judgment amount of $12,618,164.25; and

      WHEREAS, by order entered in the action which was brought in the Supreme Court of the State of New York, County of Kings, and captioned <u>Yoel Goldman v. Meyer Chetrit</u> (Index No.: 500208/2021) (NYSCEF Doc. No. 17), plaintiff/judgment creditor Meyer Chetrit was ordered by the Court to submit via e-filing an amended judgment amending the Judgment so to indicate a principal balance as of December 28, 2020 in the amount of $8,100,000.00 and interest accrued thereon through December 28, 2020 in the amount of $400,950.00, amounting in all to the sum of $8,500,950.00.

      NOW, THEREFORE, plaintiff/judgment creditor Meyer Chetrit hereby amends the judgment as follows:

| | |
|---|---|
| Principal amount owed: | $8,100,000.00 |
| Plus interest through December 28 2020: | <u>$400,950.00</u> |
| Sub-Total: | $8,500,950.00 |
| Costs and Disbursements: | NONE SOUGHT |
| Transcript: | N/A |
| Fees on Execution: | N/A |
| Satisfaction: | N/A |
| Filing Fee: | N/A |
|     Total (Costs and Disbursements): | <u>$0.00</u> |
| **Total:** | **$8,500,950.00** |

FILED

2021 JAN 29 AM 10:55

KINGS COUNTY CLERK

FEE _____

State of New York, County of New York

  The undersigned, attorney at law of the State of New York, the attorneys of record for the plaintiff/judgment creditor in the above-entitled action, states that no disbursements are sought herewith.

Dated: January 28, 2021    SUKENIK, SEGAL & GRAFF, P.C.

          By:_____/s/_____
           Douglas Segal, Esq.
          Attorneys for Plaintiff/judgment creditor
          450 Seventh Avenue, 42nd Floor
          New York, New York 10123
          (212) 725-9300

JUDGMENT entered the 29 th day of January, 2021. [Jan. 2021]

  NOW, ON MOTION OF PLAINTIFF/JUDGMENT CREDITOR, the judgment which was entered in the instant action on December 28, 2020 as NYSCEF Doc. No. 5, is hereby amended such that it is

  ADJUDGED that plaintiff MEYER CHETRIT, residing at 300 East 79th Street, PHA, New York, New York 10075, do recover of YOEL GOLDMAN, defendant, residing at 141 Skillman Street, Brooklyn, New York 11271, the principal sum of $8,100,000.00, plus interest through December 28, 2020 in the amount of $450,950.00, making a total of $8,500,950.00, together with costs and disbursements in the amount of $0.00, amounting in all to the sum of $8,500,950.00, together with interest from December 28, 2020 as may be allowed at law, and that the plaintiff have execution thereon.

_____Clerk

F:\WP\PAMELA\CHETRIT\GOLDMAN\25 STEWART\CONFESSION OF JUDGMENT\JUDGMENT BY CONFESSION'AMENDED'1'21.DOCX

**FILED**

2021 JAN 29 AM 10:53

**KINGS COUNTY CLERK**

**FEE** _____