UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Wythe Berry Fee Owner LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-11340 (MG) |

### AFFIDAVIT OF OLIVER HOLLAND IN SUPPORT OF SCHIMENTI CONSTRUCTION COMPANY LLC'S MECHANIC'S LIEN CLAIM (CLAIM NO. 6)

I, Oliver Holland, being duly sworn, depose and say:

1. I am a Vice President of Construction at Schimenti Construction Company LLC ("Schimenti"), a business duly organized and operating under the laws of the State of New York with offices at 575 Lexington Avenue, New York, New York, 10022. I have personal knowledge of the matters stated herein.

2. I submit this affidavit in support of my direct examination in the above-captioned case (the "Chapter 11 Case) involving Schimenti's claim based on a mechanic's lien, Claim No. 6, ("Schimenti's Lein Claim") filed against the Debtor as the Fee Owner of 55 Wythe Avenue, Brooklyn, New York, 11249, a luxury hotel, office and retail complex containing the William Vale Hotel, as well as office and retail space (the WV Complex" or "Building").

3. I am aware that on April 4, 2022 Schimenti entered into a contract (the Contract") with Healthquarters Site 2 Williamsburg, LLC ("HQ") to work as HQ's General Contractor to provide labor, materials, equipment and services for the fit out of HQ's subleased space at the WV Complex of approximately 9,341 rental square feet on the ground floor which would allow HQ to run its medical and retail business. ("the Project"). The scope of work included permanent improvements including HVAC systems, ductwork, plumbing, related electrical components, partitions, concrete, masonry, metals, thermal and moisture protection, doors and windows, and finishes.

4. Schimenti's work was structural and permanent in nature and added value to the WV Complex.

5. I served as Project Executive for the Project from the beginning of the Project until Schimenti was asked to leave the Project due to lack of funding on September 12, 2022.

6. All work and materials were provided between April 19, 2022 and September 9, 2022. During this time, Schimenti fully performed its obligations under the Contract.

7. The agreed value of the labor and materials furnished totaled $2,335,944.18.

8. Schimenti's Contract is for a lump sum, and the agreed schedule of values included therein, which breaks down the costs per line item, lists "Overhead & Profit" and "Insurance" as costs included in the "agreed price" of the work.

9. To date, Schimenti has only been paid $929,147.46 for its work on the Project, leaving an unpaid balance of $1,406,796.72.

10. Despite repeated requests, payment has not been made. As a result, on September 23, 2022, Schimenti filed a Verified Notice of Mechanic's Lien (the "lien") pursuant to §10 of the New York Lien Law with the County Clerk of Kings County.

11. All statutory requirements for the filing and service of the Lien were met, including proper service on Debtor by certified mail on September 28, 2022.

12. As acting Project executive on the Project, I was accountable for everything with regards to the delivery of the Project. I participated in weekly meetings with our Project team and I would join owner-architect-contractor meetings every few weeks. I was the point of escalation for the Project, meaning that if issues needed to be decided by a higher level of management, I would be the decisionmaker for Schimenti. I also reviewed invoices before they were provided to HQ.

13. I visited the site more than 10 times during the Project lifespan.

14. I personally communicated with Charles Stark, Project Manager for HQ, throughout the Project.

15. Through conversations with HQ, I was aware that HQ received a tenant improvement allowance from the building owner to pay for the improvements Schimenti was to perform. The knowledge of the owner's tenant improvement allowance to pay for Schimenti's work induced Schimenti to enter into the Contract with HQ.

16. Schimenti will generally not agree to enter into a contract to perform tenant fit-out work with a tenant unless the building owner is providing a tenant improvement allowance to pay for the work.

17. I recently reviewed HQ's lease with Wythe Berry, LLC, which is the entity that I now know was HQ's direct landlord, and that review confirms there was a tenant improvement allowance to pay for the improvements, but also agreed to perform certain improvements to HQ's space itself.

18. Moreover, HQ's lease provides that the landlord was required to approve all plans and specifications for the work and imposed certain direct requirements on Schimenti, who is named in the lease as an approved contractor.

19. I personally communicated with representatives from the building owner regarding obtaining building permits, tenant protection plans and placing HVAC work on the building roof.

20. I was also copied on a number of Project communications where Zelig Weiss was also included. It was my understanding that Zelig Weiss was either the building owner or the authorized agent or designee of the building owner. I received communications

3

indicating that Zelig Weiss would by signing certain required documents as the building owner, including the building permit.

21. Schimenti does not start project work without the appropriate Construction Permits from the New York Department of Buildings ("NYDOB") being obtained and in place, and we followed this practice for this Project.

22. On April 25th, 2022, the NYC DOB issued permit number B00702452-I1-MS to Schimenti to perform "Modifications to Existing Mechanical Systems to Include HVAC Install" located at the WV Complex.

23. In addition, permit number B00702452-I1-MS required a tenant protection plan (TPP) be created. This TPP was required to be approved by the Building Owner, and notice was required to be posted directing tenants to contact the Owner to receive a copy of the TPP (the "Notice TPP Document). Zelig Weiss approved the TPP and his name is listed on the Notice Document as the Owner with a phone number from his office.

24. On April 26th, 2022, the DOB issued permit number B00700065-I1-GC to Schimenti to perform Interior Alterations of the Existing 1st Floor Commercial Space at the Property. The application form for permit number B00700065-I1-GC was approved by Mr. Weiss as the Owner.

25. The Building Permits and Tenant Protection Plans were received for the Project before the work was completed,

26. I can confirm that the Building Permits for the Project and the Tenant Protection Plans were signed by Mr. Zelig Weiss as the Owner.

27. Schimenti believed that the building owner Mr. Weiss signed off on the Project Building Permit and consented to the work of the Project, and Schimenti was aware that there was a Tenant Improvement Allowance in place for this work.

28. Schimenti understood that Post Approval Amendments (PAAs) were submitted and approved by Mr. Weiss for the Project.

29. Schimenti reasonably believed that Zelig Weiss was either the building owner or was the authorized agent or designee of the building owner, and therefore, the building owner; i.e., the owner of the underlying property, had consented to and authorized Schimenti to perform work in the building.

30. Although Schimenti was not aware at the time it performed the work on the Project that an affiliate of Wythe Berry LLC, of which Zelig Weiss was the managing member, I recently reviewed the ground lease between Wythe Berry LLC and what I now know to be the building owner, Wythe Berry Owner LLC (the "Debtor"), of which Mr. Weiss is a 50% member.

31. All of these factors support Schimenti's position that the Debtor consented to Schimenti's work, and was aware it was obtaining a benefit from Schimenti's work.

32. I affirm that the information stated herein is true and accurate based on my personal knowledge, and I make this affidavit to support enforcement of the Lien and to affirm the debt owed.

Sworn to before me this
17th day of April, 2025.

_____
Oliver Holland
Vice President of Construction
Schimenti Construction Company LLC

Notary Public:

_____

Emily Worth
Notary Public, State of New York
Reg. No. 01WO0030559
Qualified in Westchester County
Commission Expires November 01, 2028

5