Kristopher M. Hansen
Nicholas A. Bassett
Jason M. Pierce
Will Clark Farmer
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:     (212) 318-6000
Facsimile:     (212) 319-4090
krishansen@paulhastings.com
nicholasbassett@paulhastings.com
jasonpierce@paulhastings.com
willfarmer@paulhastings.com

*Counsel to Zelig Weiss*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
:
In re:                                                  :       Chapter 11
:
WYTHE BERRY FEE OWNER LLC,       :       Case No. 22-11340 (MG)
:
Debtor.                                         :
:
:
----------------------------------------------------------x

## MOTION TO WITHDRAW AS COUNSEL TO ZELIG WEISS

1.  Paul Hastings LLP ("Paul Hastings") hereby moves, pursuant to Local Bankruptcy Rule 2090-1 and the New York State Rules of Professional Conduct, 22 NYCRR 1200.00 Rules 1.16(c)(1) and (10), for an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") granting leave for Paul Hastings to withdraw as counsel for Mr. Zelig Weiss in the above-captioned chapter 11 case and related adversary proceedings.

2.  Sufficient cause exists for withdrawal because Mr. Weiss consents to the withdrawal, and he will be represented by other counsel, Jon Schuyler Brooks of Abramson Brooks LLP, in the chapter 11 case and related adversary proceedings moving forward. Accordingly, the

withdrawal of Paul Hastings can be accomplished here without material adverse effect on the interests of Mr. Weiss.

3. The Plan Administrator, as Successor to the Debtor, has no objection to the relief sought herein.

## BASIS FOR RELIEF REQUESTED

4. "New York's Rules of Professional Conduct, [22 N.Y.C.R.R. § 1200] govern the conduct of attorneys in federal courts sitting in New York as well as in New York state courts." *In re Wiener*, No. 18-13042 (JLG), 2019 WL 2575012, at *3 (Bankr. S.D.N.Y. June 21, 2019) (citing *S.E.C. v. Gibraltar Glob. Sec., Inc.*, No. 13 CIV. 2575 GBD JCF, 2015 WL 2258173, at *2 (S.D.N.Y. May 8, 2015)); *see also In re Bruno*, 327 B.R. 104, 108 (Bankr. E.D.N.Y. 2005) (prior to April 1, 2009, in ethical disputes bankruptcy courts sitting in New York applied New York's Code of Professional Responsibility, the predecessor professional conduct rules for New York attorneys) (citing *Kittay v. Kornstein*, 230 F.3d 531, 537 (2d Cir. 2000)).

5. Pursuant to the Rules of Professional Conduct, N.Y.C.R.R. § 1200 Rule 1.16(c)(1) and (10), respectively, a lawyer may withdraw when, *inter alia*, "withdrawal can be accomplished without material adverse effect on the interests of the client," and/or "the client knowingly and freely assents to termination of the employment." And as a general rule, an attorney may terminate the attorney-client relationship at any time for a good and sufficient cause and upon reasonable notice. *See Matter of Dunn*, 205 N.Y. 398, 403 (1912); *Lake v. M.P.C. Trucking*, 279 A.D.2d 813 (3d Dep't 2001).

6. Good cause exists for Paul Hastings' withdrawal as Mr. Weiss's counsel because Mr. Weiss has knowingly and freely consented to such withdrawal. Moreover, Mr. Weiss has little to no ongoing role in the case at this juncture and will be represented by Mr. Brooks, as necessary,

on all matters in the case going forward. Accordingly, Paul Hastings' withdrawal can be accomplished without any material adverse effect on the interests of Mr. Weiss moving forward.

7. Thus, Paul Hastings' request to withdraw should be granted.

Dated: June 3, 2025
      New York, New York

*/s/ Nicholas A. Bassett*
Kristopher M. Hansen
Nicholas A. Bassett
Jason M. Pierce
Will Clark Farmer
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email:    krishansen@paulhastings.com
             nicholasbassett@paulhastings.com
             jasonpierce@paulhastings.com
             willfarmer@paulhastings.com

*Counsel to Zelig Weiss*